Charles W. FISHER, et al. *v.* CITIZENS BANK of Lavaca, et al.

91-151                                                819 S.W.2d 8

Supreme Court of Arkansas
Opinion delivered November 18, 1991

*Phillip J. Taylor*, for appellant.

*Truman H. Smith*, for appellee Home Mutual Fire Ins. Co.

*Hardin, Jesson, Dawson & Terry*, by: *Gregory L. Crow*, for appellee Richard Organ.

*James O. Coy*, for appellee Citizens Bank of Lavaca.

STEELE HAYS, Justice. Charles Fisher and Cindy Fisher filed this suit in the Circuit Court of Crawford County against Home

Mutual Fire Insurance Company and five other defendants to recover the proceeds of a fire insurance policy and for other incidental relief. The other defendants are Citizens Bank of Lavaca, holder of a first mortgage, Richard Organ, agent for Home Mutual, Carlisle Adjustment Company, which adjusted the fire loss and Verda Raybourn and Donna Roberds, real estate brokers. The defendants moved to dismiss under Ark. R. Civ. P. 12(b)(6), failure to state a claim for which relief could be granted, and the trial court ordered a dismissal as to all claims except those involving Raybourn and Roberds, reciting that it was a final judgment pursuant to Ark. R. Civ. P. 54(b).

■ Rule 54(b) permits an appeal from an order dismissing some of the claims or parties when a final order disposing of all claims has not yet been rendered. Under the rule the trial court "may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." The order from which this appeal is brought merely repeats the language of Rule 54(b) without stating any facts in support of the finding there is no just cause for delay.

■ In *Arkhola Sand & Gravel Co.* v. *Hutchinson*, 291 Ark. 570, 726 S.W.2d 674 (1987), and again in *Austin* v. *First National Bank*, 305 Ark. 456, 808 S.W.2d 773 (1991), we gave express notice that merely tracking the language of Rule 54(b) will not suffice; the record must show facts to support the conclusion that there is likelihood of hardship or injustice which would be alleviated by an immediate appeal rather than at the conclusion of the case. Those essential findings, and the facts which undergird them, are wholly lacking in this order. The rule is not intended to create an avenue for two stages of review simply by citing Rule 54(b). It is intended to permit review before the entire case is concluded, but only in those *exceptional* situations where a compelling, discernible hardship will be alleviated by an appeal at an intermediate stage. There is nothing in the order itself, nor, so far as we can determine, in the litigation, suggesting in the slightest what hardship might await and, thus, why the case cannot first proceed to termination at the trial level. If appeal is allowed at this juncture it could well produce two appeals rather

than one with the attendant burden on litigants, courts and system.

Appeal dismissed.