PAUL E. DANIELSON, Associate Justice 11 Appellants Raymond Edwards and Patricia Edwards appeal from the circuit court’s order denying their motion for custody of their granddaughter, M.A.E., and dismissing them from the dependency-neglect proceedings brought by appéllee Arkansas Department of Human Services (“ADHS”). The Edwardses’ appeal was originally dismissed by the court of appeals, see Edwards v. Arkansas Dep’t of Human Servs., 2015 Ark. App. 267, 460 S.W.3d 802, and this court granted the Edwardses’ petition for review. Upon the grant of a petition for review, we consider the case as though it had been originally filed in this court." See Mahone v. Arkansas Dep’t of Human Servs., 2011 Ark. 370, 383 S.W.3d 854. On appeal, the Edwards-es assert that (1)‘their notice of appeal and amended notice of appeal Were timely filed and (2) there wás insufficient evidence that the denial of their motion for custody was in M.A.E.’s |?best interest. Because the order from which the Edwardses appeal is not a final, appealable order, we dismiss the appeal. ■ On March 9,2011, ADHS filed a petition for emergency custody and dependency neglect against Trish Edwards and Bruce Edward Allen, the parents of M.A.E., M.E., and’AE. An ex parte order for emergency custody was then entered, finding that immediate removal of the children from their mother was in their best interest and necessary to protect their health and safety, and placing custody of the children with ADHS. Subsequently, a probable-cause order was filed. In May 2011, the children were adjudicated dependent neglected due to environmental neglect, with the goal of the case being reunification. On July 6, 2011, the Edwardses, the children’s maternal grandparents, moved to intervene in the matter, and the circuit court granted their motion. In October 2Ó11, the Edwardses filed a petition seeking guardianship of the three children,[1] and on May 9, 2012, they filed a motion for child custody, asserting that it was in the best interest of the children to be placed in their custody and continue to be raised together as a family unit. On November 13, 2012, ADHS and the children’s attorney ad litem jointly petitioned for termination of the parental rights of Trish and Bruce. Shortly thereafter, the Edwardses filed an amended petition seeking to be appointed the guardians of M.A.E.,' M.E., and A.E. On May 8, 2013, an agreed order was entered, permitting the Edwardses to visit M.E. and A.E. two times a week and directing family counseling for the Edwards-es, M.E., and A.E. |3In addition, the order directed that, as of June 20, 2013, temporary custody of M.E. and A.E..,was to be transferred from ADHS. to the Edwardses. In May 2014, the circuit court entered an order granting permanent custody of M.E. and A.E. to the Edwardses as of November 4, 2013,[2] finding that it was in the best interests of M.E. and A.E. and best for their health, welfare, and safety. At the same time, the court ordered that M.A.E. remain in foster care, reserving its ruling as to her future placement. In its order of July 31, 2014, however, the circuit court ruled that, while -it was clear .that the Edwardses were good people who loved and cared deeply for M.A.E., it was not in M.A.E.’s best interest to be placed in their custody, nor was it best for her health, welfare, and safety. To that end, the circuit court denied the Edwards-es’ motion for custody^ of M.A.E. and ordered that she was to remain in foster care. It also ceased all visitation between the three siblings and permitted a final visit between M.A.E., her siblings, and the Edwardses, Finally, the circuit court dismissed the Edwardses from the case and included a certificate pursuant to Arkansas Rule of Civil Procedure 54(b) in its order. It is from this order that the Edwardses bring the instant appeal. As their first point on appeal, the Ed-wardses assert that their appeal is timely because both their notice of appeal and amended notice of appeal were timely filed. They contend that their appeal is from the denial of a motion for custody, not one falling within the confines of Arkansas Supreme Court Rule 6-9, which governs appeals in dependency-neglect cases; |¿therefore, they assert,.the twenty-one-day limit for filing a notice of appeal set forth in Rule 6-9 does not apply. Instead, they aver, that their appeal is a juvenile case governed by Arkansas Rule of Appellate Procedure-Civil 2(c), which provides that such appeals are to.be made in the same time and manner as appeals from circuit court, and, as' such, they had thirty days in which to file their notice of appeal. ADHS responds that, assuming the case is appealable, any order arising from a dependency-neglect proceeding should be subject to Rule 6-9. The attorney ad li-tem for M.A.E. agrees with and adopts the position of ADHS. We need not address the timeliness of the Edwardses’ notice of appeal and amended notice of appeal because we must dismiss their appeal for lack of a final order. While neither party has raised this issue, the question whether an order is final and subject to appeal is a jurisdictional question that this court will raise sua sponte. See Chitwood v. Chitwood, 2013 Ark. 195, 2013 WL 1932916. Here, the Edwardses bring their appeal from that portion of the. circuit court’s order denying them custody of M.A.E.; however, such an order is not appealable under this court’s rules. Turning first to Arkansas Supreme Court Rule 6-9, which governs appeals in dependency-neglect cases, the rule provides- that the following orders may be appealed from dependency-neglect proceedings: (A) adjudication order; (B) disposition, review, no reunification, and permanency planning order if the court directs entry of a 'final judgment as to one or more of the issues or parties based upon the express determination by the court supported by factual findings that there is no just reason for delay of an appeal, in accordance with Ark. R. Civ. P. 54(b); |B(C) termination of parental rights; (D) denial of right to appointed counsel pursuant to Ark. Code Ann. § 9-27-316(h); and ■ (E) denial of a motion to intervene. Ark. Sup. Ct. R. 6-9(a)(l) (2016). Notably, the rule lacks any specific mention of an appeal from an order denying custody. Nor does Arkansas Rule of Appellate ■ Procedure — Civil 2 permit such an appeal outright, despite the Edwardses’ claims to the contrary. ¡First and foremost, the order is not a final one in accord with Ark. R. App. P.-Civ. 2(a)(1) because the order -clearly contemplates future action with respect to the placement of M.A.E. Notwithstanding, Rule 2(d) does provide that all “final orders awarding custody are final appealable orders.” Ark. R. App. P.Civ. 2(d) (2015). In this case, however, the Edwardses, seek to appeal that portion of the circuit court’s order denying custody of M.A.E., not its grant of permanent custody of M.E. and A.E. While the order denying custody is not explicitly appealable under either Ark. Sup. Ct. R. 6-9 or Ark. R. App. P.-Civ. 2, a circuit court may certify an otherwise non-final order for' an immediate appeal by executing a certificate pursuant to Rule 54(b) of the Arkansas Rules of Civil Procedure. See, e.g., Pyramid Life Ins. Co. v. Parsons, 2013 Ark. 125, 2013 WL 1279074. Likewise, Ark. Sup. Ct. R. 6-9(a)(1)(B) permits an appeal from a “disposition, review, no reunification, and permanency planning order” but also requires an “express determination by the court - supported 'by factual findings” in accordance with Rule 54(b). See Ark. Sup. Ct. R. 6-9(a)(1)(B). As already noted, the circuit court in the instant ease did attempt a Rule 54(b) |(¡certification, but it- is clear under this court’s case law that the circuit court’s. certificate is simply insufficient.[3] Pursuant to Ark. R. Civ. P. 54(b), [w]hen more than one claim for relief is presented in an action, whether .as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination, supported by specific factual findings, that there is no just reason for delay and upon an express direction for the entry of judgment. Ark. R. Civ. P. 54(b) (2015). With respect to the requirements of Rule 54(b), we have observed that merely - tracking the . language of Rule 54(b) will not suffice; the record must show facts to support the conclusion that there is a likelihood of hardship or injustice which would be-alleviated by an immediate appeal rather than at the conclusion of the case. See Fisher v. Citizens Bank of Lavaca, 307 Ark. 258, 819 S.W.2d 8 (1991). Not only must the record show such facts, but also “[w]e have consistently held that the rule requires the order to include specific findings of any danger of hardship or injustice that could be alleviated by an immediate appeal and to set out the factual underpinnings that establish such hardship or- injustice.” Holbrook v. Healthport, Inc., 2013 Ark. 87, at 4, 2013 WL 776240. In the instant case, the circuit court’s order mérely sets forth each of the circuit court’s rulings, then rebites the following languáge from the rule: Upon the basis of the foregoing factual findings, the court hereby certifies, in accordance with Rule 54(b)(1),- Ark. R. Civ. P., that it has determined that there is 17no just reason for delay of the entry of a final judgment and that the court has and does hereby direct that the judgment shall be a final judgment for all purposes. The certificate does not include specific findings of any danger of hardship or injustice that could be alleviated by an immediate appeal, nor does it detail facts that establish such a hardship ór injustice. When it does not do so, it does not satisfy the requirements of Rule 54(b). See, e.g., Robinson v. Villines, 2012 Ark. 211, 2012 WL 1739140. Because the order denying custody of M.A.E. is not final or otherwise appeal-able, and the included certificate fails to> comply with Rule 54(b), we lack jurisdiction to hear the appeal. See, e.g., Crafton, Tull, Sparks & Assocs. v. Ruskin Heights, LLC, 2013 Ark. 85, 2013 WL 831033. Accordingly, the appeal is dismissed without prejudice. Appeal dismissed; Court of' Appeals’ opinion vacated. Baker, Goodson, and Hart, JJ., dissent. . Their petition affirmatively stated that they already had guardianship of another sibling, M.D.E. . This was the date of the hearing that was held before the order was entered. . Indeed, the Edwardses conceded as much in their petition for review.