SLIP OPINION  Cite as 2015 Ark. App. 712

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV–15–327

| | |
|---|---|
| JAMES BRANCH<br>APPELLANT | **Opinion Delivered** DECEMBER 16, 2015 |
| V. | APPEAL FROM THE SALINE<br>COUNTY CIRCUIT COURT<br>[NO. 63DR-14-71] |
| STEPHANIE BRANCH<br>APPELLEE | HONORABLE BOBBY D.<br>McCALLISTER, JUDGE |
| | DISMISSED WITHOUT PREJUDICE |

## RAYMOND R. ABRAMSON, Judge

This appeal stems from divorce proceedings of Stephanie (Quinn) Branch and James (Jimmy) Branch. On appeal, we are tasked with resolving issues related to the validity and enforceability of the parties' premarital agreement, as well as issues regarding property division. However, we cannot reach the merits of this appeal because of a deficient Rule 54(b) certificate.

Quinn and Jimmy Branch were married on July 25, 2003. They executed a premarital agreement prior to the marriage. In January 2014, Quinn filed a complaint for divorce. In her complaint, she sought to have the premarital agreement declared unconscionable and void pursuant to Arkansas Code Annotated section 9-11-406. Jimmy answered Quinn's complaint for divorce denying that the premarital agreement was void; he also counterclaimed for divorce.

The trial court held a final divorce hearing in September 2014. Following the hearing

and post trial briefing, the court issued a letter opinion in October 2014 outlining its ruling. On November 19, 2014, a decree of divorce memorializing the trial court's findings was entered. The divorce decree was not a final order for appellate purposes. The parties recognized this fact and the effect it had on their ability to appeal. Consequently, the trial court executed a Rule 54(b) certificate on December 11, 2014, so that an immediate appeal could commence. The 54(b) certificate was filed separately from the divorce decree and more than three weeks after the decree had been entered of record. Jimmy appealed the trial court's divorce decree in a notice of appeal filed on December 17, 2014.[1]

Although neither party raises the issue of finality, the court must necessarily address it because it affects our jurisdiction over the appeal. *Crockett v. C.A.G. Invs., Inc.*, 2010 Ark. 90, 361 S.W.3d 262. The presence of a Rule 54(b) certificate is necessary to grant finality to a judgment that otherwise would not be final under our rules. In order for this court to acquire jurisdiction over an appeal, a trial court's certificate must comply with the requirements of Rule 54, and in the present appeal, we cannot reach the merits because of noncompliance.

Rule 54(b)(1) provides, in pertinent part, that the certificate "shall appear immediately after the court's signature on the judgment." Here, the certificate does not immediately follow the court's signature. Instead, it was filed independent of the trial court's divorce decree and several weeks after the decree was entered. While we recognize that this

---

[1] Jimmy later filed an amended notice of appeal on February 2, 2015, challenging the divorce decree and the denial of his motion to reconsider.

deficiency may seem minor, we are nevertheless constrained to dismiss because the plain language of Rule 54(b) requires that the certificate shall be located on the judgment immediately after the court's signature, and our supreme court has construed the word "shall" when used in our Rules of Civil Procedure to mean that compliance is mandatory. *Loyd v. Knight*, 288 Ark. 474, 706 S.W.2d 393 (1986). Additionally, this type of deficiency is significant and potentially problematic because the certificate establishes the identity of the order appealed from and the date from which to calculate the deadline for filing the notice of appeal.[2] *See Watkins v. City of Paragould*, 2013 Ark. App. 539. We conclude that this appeal must be dismissed for lack of a final and appealable order because the 54(b) certificate is deficient.

Dismissed without prejudice.

VIRDEN and WHITEAKER, JJ., agree.

*Wagoner Law Firm, P.A.*, by: *Jack Wagoner III* and *Angela Mann*, for appellant.

*Hilburn, Calhoon, Harper, Pruniski & Calhoun, LTD.*, by: *Stephanie Branch*, for appellee.

---

[2] In the present appeal, the notice of appeal was timely filed within thirty days of both the entry of the decree of divorce and the 54(b) certificate. Thus, any procedural defect created by the noncompliant 54(b) certificate is arguably harmless. Nevertheless, this court "must be consistent in our application of our rules to every case and every litigant . . . and must enforce those rules in a consistent fashion to achieve the order and predictability that the appellate process requires." *Roberts v. Roberts*, 2009 Ark. 306, 319 S.W.3d 234.