SLIP OPINION



# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV-15-723

| | |
|---|---|
| DAVID COLLINS and CHERYL COLLINS<br><br>APPELLANTS<br><br>V.<br><br>JOSHUA CHASE and MILDRED CHASE HOLT<br><br>APPELLEES | **Opinion Delivered:** August 24, 2016<br><br>APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT [NO.DR-2011-124-3]<br><br>HONORABLE EARNEST E. BROWN, JR., JUDGE<br><br>DISMISSED |

## WAYMOND M. BROWN, Judge

This appeal is the third appeal from the Jefferson County Circuit Court involving appellants and appellee Joshua Chase[1] with regard to H.C., born 9-11-08; and K.C., born 9-15-09.[2] Appellants appeal from the circuit court's separate orders denying them grandparent visitation and denying their "motion in limine" asking the circuit court to receive evidence and testimony from "at least July 1, 2013, and forward" to determine whether to grant their motion for change of custody. We do not reach the merits of this appeal for lack of a final, appealable order. We dismiss.

---

[1] Appellee Mildred Chase Holt was a party below, but is not a party to this appeal, though listed in the style of the case.

[2] *See Chase v. Ark. Dep't of Human Servs.*, 2012 Ark. App. 311, 416 S.W.3d 252 (*Chase I*) and *Chase v. Ark. Dep't of Human Servs.*, 2013 Ark. App. 474, 429 S.W.3d 321 (*Chase II*).

The facts of this case prior to July 1, 2013, being arduous, are not detailed here as they were sufficiently set out in *Chase I* and *Chase II*.[3] Only the pertinent facts follow. Due to allegations by appellants, stated to have occurred in July 2013, appellants filed an emergency motion to cease visitation between Chase and his children on August 27, 2013. Chase responded on September 20, 2013, requesting dismissal of appellants' emergency motion to cease visitation. The circuit court entered an ex-parte order ceasing visitation on August 30, 2013. Following a hearing, the circuit court issued a temporary restraining order on September 11, 2014, further prohibiting Chase from contact with his children. On the same date, this court handed down its opinion in *Chase II*, reversing and remanding the circuit court's November 6, 2012 order awarding custody of H.C. and K.C. to appellants. This court further ordered that custody of H.C. and K.C. was to be "immediately transferred" to Chase.

The circuit court entered a status order on September 18, 2013, advising that custody of the children would be returned to Chase, pursuant to this court's mandate, if appellants did not file a petition seeking rehearing or review of this court's decision. Appellants filed a petition for rehearing, a brief in support thereof, and a motion to stay implementation of this court's mandate on September 20, 2013. The same were denied by this court. This

---

[3] Appellants have sought custody because of their allegation that Chase sexually abused one of the children. Such a charge is the basis for a dependency-neglect finding. Dependency-neglect cases are initiated, after a report of the allegation, in juvenile court by the Arkansas Department of Human Services (DHS)—which has the affirmative duty to protect children—not by grandparents in domestic-relations court by filing a petition for custody. If need be, after a circuit court's finding of dependency-neglect, it is DHS's duty alone to seek out relatives for placement and/or custody, and not the appellants' prerogative to nominate themselves based on their own unsubstantiated allegations.

court's mandate was filed September 26, 2013. On that same date, the circuit court entered a status order directing that custody of H.C. and K.C. be "immediately transferred" to Chase.

Within hours of the circuit court's order, appellants filed a petition for immediate change of custody seeking an award of temporary and permanent custody. Chase filed a motion to dismiss appellants' petition on March 6, 2014. The circuit court entered an order on April 4, 2014, denying Chase's motion to dismiss. The only other order in the record referencing appellants' custody petition is an order entered by the circuit court on May 26, 2015, in which it stated the following:

9.      Third Party Defendants filed a Petition for Change of Custody and sought to introduce evidence and testimony regarding a substantial change of circumstances and testimony in the trial of this matter and seeking a change of custody with regard to allegations of sexual abuse allegedly perpetrated by the Defendant in July, 2013 while the children were visiting with him in the State of Ohio.

10.      This Court previously ruled after a hearing that the last Order affecting custody of the children was the Arkansas Court of Appeals mandate issued in September, 2013 and was not the Juvenile Court order granting permanent custody, the subject of the appeal, which was issued on the 17th day of December, 2012.

11.      That upon the trial of this matter, Third Party Defendants [*sic*] Counsel renewed his Motion to be permitted to offer evidence and testimony prior to the issuance of the Court of Appeals Mandate and arguing that the last operable custodial Order was the Order of Permanent Custody in the Juvenile proceeding which was subsequently overturned on appeal. Again, the Court made its finding that the last operable Order with regard to custody of the children was the Court of Appeals Mandate issued on or about September 26, 2013 and denied again Third Party Defendant's request to present evidence and testimony prior to that date. Therefore this Court hereby affirms its oral decision by the entry of this Order precluding the Third Party Defendants from offering any evidence or testimony on any actions of the Defendant, Joshua Chase, prior to September 26, 2013. Third Party Defendants were

permitted to proffer evidence and testimony after the conclusion of the trial of this matter.

Though mentioned, it is clear that the circuit court failed to rule on appellants' petition, ruling only that they would not be able to include evidence prior to this court's mandate.[4] There is mention of a hearing on appellants' petition, but there is no order in the record ruling on appellants' petition. Accordingly, because appellants' September 26, 2013 petition for change in custody is still outstanding, the orders appellants appeal from are not final orders. While neither party has raised this issue, the question of whether an order is final and subject to appeal is a jurisdictional question that this court will raise sua sponte.[5]

The circuit court attempted to circumvent the issue of finality by putting a "Rule 52 Certificate" at the bottom of the order. Assuming this was a scrivener's error, we treat this as a Rule 54(b) certificate. Pursuant to Arkansas Rule of Civil Procedure 54(b), when more than one claim for relief is presented in an action, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims only upon an express determination, supported by specific factual findings, that there is no just reason for delay and upon an express direction for the entry of judgment.[6] The presence of a Rule 54(b) certificate is necessary to grant finality to a judgment that otherwise would not be final under

---

[4] This court notes that it does not conduct fact–finding inquiries on a petition for rehearing.

[5] *Edwards v. Ark. Dep't of Human Servs.*, 2015 Ark. 402, at 4, 474 S.W.3d 58, 60 (citing *Chitwood v. Chitwood*, 2013 Ark. 195).

[6] *Id.*, 2015 Ark. 402, at 6, 474 S.W.3d at 61 (citing Ark. R. Civ. P. 54(b) (2015)).

our rules.[7] In order for this court to acquire jurisdiction over an appeal, a trial court's certificate must comply with the requirements of Rule 54, and in the present appeal, we cannot reach the merits because of noncompliance.[8]

Rule 54(b) states that upon an express determination by the circuit court that there is no just reason for delay, "it shall execute the . . . certificate, which shall appear immediately after the court's signature on the judgment, and which shall set forth the factual findings upon which the determination to enter the judgment as final is based[.]"[9] With respect to the requirements of Rule 54(b), we have observed that merely tracking the language of Rule 54(b) will not suffice; the record must show facts to support the conclusion that there is a likelihood of hardship or injustice, which would be alleviated by an immediate appeal rather than at the conclusion of the case.[10] Not only must the record show such facts, but also "[w]e have consistently held that the rule requires the order to include specific findings of any danger of hardship or injustice that could be alleviated by an immediate appeal and to set out the factual underpinnings that establish such hardship or injustice."[11] The circuit court's certificate details no facts that establish a hardship or injustice, nor does it give any findings of any danger of hardship or injustice that could be alleviated by an immediate

---

[7] *Branch v. Branch*, 2015 Ark. App. 712, at 2, 479 S.W.3d 566, 567.

[8] *Id.*

[9] Ark. R. Civ. P. 54(b)(1) (2015).

[10] *Edwards*, *supra* (citing *Fisher v. Citizens Bank of Lavaca*, 307 Ark. 258, 819 S.W.2d 8 (1991)).

[11] *Id.* (citing *Holbrook v. Healthport, Inc.*, 2013 Ark. 87, at 4).

appeal. Accordingly, the certificate is insufficient to give this court jurisdiction to hear the appeal.

Dismissed.

GLADWIN, C.J., and HOOFMAN, J., agree.

*Gray Allen Turner*, for appellants.

*Glen Hoggard* and *Leah Lanford*, for appellee.