BRANDON J. HARRISON, Judge
This appeal involves multiple circuit court cases that were consolidated. Simply summarized, the cases below involved a property dispute and administration of a trust. The appellants want this court to reverse the circuit court's decision to allow an outrage claim to go to a jury. We must dismiss the appeal without prejudice because no final order has been entered. Because this case is not one in which the finality issues can be simply stated, a robust explanation of the parties' dizzying legal moves in the circuit court is required.
I. Background
Mary Petty, known as Cathy, and B.J. Petty, who is now deceased, raised three children on some land in Hot Spring County, Arkansas. David Petty and Deandra Petty Louton are Cathy's biological children, and Mark Petty is her stepson. Regarding the property-dispute angle, the tract at issue is approximately nineteen acres that Cathy and B.J. owned. All three adult children and their families have lived in separate homes on the property.
Case number 30CV-15-194 was filed in August 2015. In that case Deandra and Mark filed a complaint against Mary C. Petty Family Trust, David Petty as Trustee, and Mary C. (Cathy) Petty Individually and as Trustee for "parol gift of land," breach of contract, "constructive trust," "common law action to set aside deed for lack of capacity and/or undue influence," promissory estoppel, unjust enrichment, "laches," and a request for a temporary injunction. In October 2015, the Mary C. Petty Family Trust, David, and Cathy filed counterclaims against Deandra and Mark for quiet title, ejectment, unlawful detainer, and boundary by acquiescence (as alternative relief).
In December 2015, David Petty-individually and as trustee of the Mary C. Petty Family Trust-sued Robert Louton, who is Deandra's husband. That complaint generated case number 30CV-15-308, in which David asked for injunctive relief and a restraining order because Robert had allegedly engaged in vandalism, harassment, trespassing, and "general maliciousness." David also asked the court to award "property damage/money damages" and arguably makes trespass and trespass-to-chattel claims. Robert counterclaimed against David, filing the intentional torts of outrage and abuse of process.
In January 2016, Deandra and Mark amended their complaint in case number 30CV-15-194 to add claims for "specific performance and estoppel," quantum meruit, and restitution.
The circuit court entered a nonsuit order in April 2016 and dismissed Deandra and Mark's claims for breach of contract, specific performance, and quantum meruit as a result. The order expressly dismissed the claims without prejudice.
In July 2016, the circuit court ordered that the parties have no contact with one another except through counsel until a "final determination can be made on the issues." Also around that time, Deandra, *15 who is a beneficiary of the Mary C. Petty Family Trust, filed a "motion to disqualify trustee; to set aside trustee's deed and the contract for the sale of real property; and for an accounting" in case number 30CV-15-194. Deandra asked the circuit court to remove David as trustee of the trust and to order an accounting of trust income, and she alleged "a serious breach of trust." It is unclear whether the "serious breach of trust" is a tort claim for breach of fiduciary duty, or merely a statutory ground for removing David as trustee, or both. Ark. Code Ann. § 28-73-706(b)(1) (Repl. 2012). Whatever it is, Deandra alleged in the motion that David acted wrongly when he conveyed the disputed property from the Petty Trust to himself individually.
In August 2016, Deandra and Mark amended their complaint again and asked for the following relief:
(a) Specific performance in the form of an Order directing the Defendants, Mary C. (Cathy) Petty and/or David Petty and/or the trustee of the Mary C. Petty Family Trust to convey that portion of the subject property and access to the subject property to the Plaintiffs, Deandra Louton and Mark O. Petty.
(b) Attorney's fees for relief.
(c) Damages for alternative relief.
(d) The Court enter a temporary order enjoining the Defendants from removing, locking, blocking or otherwise prohibiting Plaintiffs from occupying the property pending a final hearing in this matter.
The record shows that Deandra and Mark asked for a bench trial in October 2016. They also filed a paper addressing issues related to amendment 80 to the Arkansas Constitution and concluded that all claims should be tried to the court. A 2 November 2016 order set the case for a bench trial. The court consolidated cases 308 and 194 in late November 2016. The surviving case number was 194. The consolidation orders stated that "[c]ase number 30CV-2015-194-1 is currently set for trial on for December 1st and 2nd as a bench trial. The consolidated cases will be tried at that time." Although not in the addendum, the record shows that David and Cathy filed a "renewed demand for jury trial" on December 2 and asked that a jury hear Robert's outrage and abuse-of-process claims. On 6 December 2016, Robert moved to deconsolidate the case so that the outrage and abuse-of-process claims could be tried separately. The court denied the motion, stating that the "motion to remove the trustee, David Petty, is abated until after the trial," and the "motion for contempt will be heard later after the trial."
A pretrial conference was held in late December, during which the circuit court stated:
I'm going to have to deal with a substantial amount of issues involving the Court and dealing with these equitable issues that are out here and how to tie those into a legal premise for whether the jury should be submitted that part of the case. It may be, as we go through this trial, when we do the directed verdicts that I may make a finding that those equitable issues are going to be heard by the Court and not by the jury if I deem it that they do not fall within the common law exception that they could be used or may be used. And I know y'all need to be prepped to make your argument on that issue. That they may not be, they may be equitable in nature only and that they can't be wrapped up, even though Amendment 80 is out there, because the Ludwig case pretty well has set us a four-prong test for us to follow to determine whether or not we truly believe that that case should be submitted to the jury. And we have to make that finding. And so some *16 of these issues that we have out here may not in any way be submitted.
Trying to solve the Rubik's Cube that was the parties' pleadings, the court told the parties that "you've got lots of problems, both sides" and "it's a mess." To their credit, the parties tried to simplify the case by orally nonsuiting various claims. The court also stated that the "only way I can submit this case with the equitable issues along with the legal issues that are before the Court is that I do it on interrogatories." Given the record before us, it seems that the parties offered no instructions or interrogatories on any claims but Robert's outrage and abuse-of-process claims.
The case was tried, and the jury returned a verdict for Robert on his abuse-of-process claim and awarded $0 in compensatory damages. The jury also found that the tort of outrage had been committed and awarded $5,000 in compensatory damages and $20,000 in punitive damages. A "judgment" was entered "against David Petty, Individually and as Trustee of the Mary C. Petty Family Trust and the Mary C. Petty Family Trust in the amount of $25,000" on 18 January 2017. The next day, January 19, the "Mary C. Petty Family Trust, David Petty, Trustee, and Mary C. Petty, individually and as trustee" filed a notice of appeal "from the Court's ruling of record on January 18, 2017" and designated the entire record on appeal; but the appellants did not abandon any pending but unresolved claims. See Ark. R. App. P.-Civ. 3(e)(vi) (2017).
A few weeks later, on 8 February 2017, the court entered an "Order After Hearing." The February 8 order, which is not in either party's addendum, reflects that David's directed-verdict motion on both the abuse-of-process and outrage claims were denied. The jury ultimately rendered a verdict on those claims. The order also states, in pertinent part:
IV.
The Defendants' directed verdict motion on the issue of parol gift is granted. The Court has reviewed the cases submitted by the Parties and it would be reversible error for me to allow this equitable issue concerning land to go to the Jury. The Plaintiffs have failed to prove by clear and convincing evidence that there was a conveyance of land, and that valuable improvements were made on the property as a result of the conveyance. Without that proof a conveyance of land as is in this case is still controlled by the Statute of Frauds. As to the valuable improvements; the proof before the Court is, that what was done in the way of improvements was no more than what is normally done when setting up a mobile home on property, and were necessary before the parties could live there, such as the septic system and electricity. Moreover, there is no proof that the Parties received any specific portion of land, and despite claiming that a gift of five (5) acres was made to each child approximately thirty (30) years ago, Mr. Petty died in 2008. At that time the land was held as tenants by the entirety and by operation of law all the property went to Mrs. Petty. There was more than ample time to have made a specific conveyance of that land and it did not happen before Mr. Petty's death and it has not happened since his death, and Mrs. Petty owns the land and I cannot force her to give it to you.
V.
Title in the subject property is quieted and vested in Mary C. Petty and or the Mary C. Petty Trust. There are other sub-issues related to that Trust but *17 those are not before the Court today and therefore not an issue for me.
VI.
The Plaintiffs, Deandra Louton Petty and Mark Petty, will have until May 31st 2017 to remove all personal property including mobile homes and any other item belonging to them. Anything remaining on the property after May 31st 2017 shall be deemed abandoned, and the property of Mrs. Petty.
No amended notices of appeal were filed. No cross-appeal was filed.
II. Discussion
This court must have jurisdiction over an appeal before it can decide the merits. Whether an order is final and appealable is jurisdictional, meaning we will raise the issue on our own initiative. Splawn v. Wade , 2013 Ark. App. 187, 427 S.W.3d 89. Absent a Rule 54(b) certificate, when a case contains more than one claim for relief, a judgment that adjudicates fewer than all the claims is neither final nor appealable. Ark. R. Civ. P. 54(b)(2).
Pursuant to Rule 41(a)(1) of the Arkansas Rules of Civil Procedure, a plaintiff may dismiss a claim without prejudice before the case is submitted to the jury; but "it is effective only upon entry of a court order dismissing the action." Ark. R. Civ. P. 41(a)(1). Rule 41 also applies to counterclaims, cross-claims, and third-party claims. Ark. R. Civ. P. 41(c) (2017). In some circumstances, even a written order reflecting a nonsuit of the plaintiffs' claims may not create finality. Pockrus v. Morris , 2017 Ark. App. 293, at 2 (plaintiff's nonsuited complaint did not create finality because it could be refiled). The case law is admittedly not clear on when a final order exists in cases that have been consolidated under Rule 42. See Barnhart v. City of Fayetteville , 316 Ark. 742, 744, 875 S.W.2d 79, 80 (1994) ( Rule 54(b) certificate deficient). But cf. Hall v. Hall , --- U.S. ----, 138 S.Ct. 1118, 1121, 200 L.Ed.2d 399 (2018) (constituent cases retain their separate identities at least to the extent that a final decision in one is immediately appealable by the losing party under federal law).
There is no Rule 54(b) certificate in this case, nor is the January 18 order the appellants appealed a final order. One reason for the lack of finality is that an oral nonsuit of a claim is ineffective unless the court enters a written order. Ark. R. Civ. P. 41(a)(1). Here, the parties' oral attempt to nonsuit various claims before the trial started was ineffective because no written court order was subsequently entered on those claims.
The oral nonsuit of some claims is not the only finality issue in the case. Robert's outrage and abuse-of-process claims were cross-claims that were filed in case number 308. In that case David Petty-individually and as trustee of the Mary C. Petty Family Trust-filed a complaint against Robert that raised several tort claims. Another final-order problem is that no order has decided David's claims-the ones linked to Robert's counterclaims.
The finality deficiencies noted in this opinion should not be taken as a complete list. If another appeal is pursued, more care must be taken to ensure that the appeal is from a final, appealable order and that the briefs and addendum materials sufficiently establish appellate jurisdiction. We have engaged in this historical review as an aid to the parties and the circuit court, but it remains an appellant's responsibility to ensure that finality exists.
III. Appellee's Motion for Attorney's Fees & Costs
Robert has moved this court to award him attorney's fees and costs for *18 having to prepare a supplemental abstract and addendum. The supplemental material was not needed to determine whether we have jurisdiction, so the motion is denied without prejudice.
IV. Conclusion
This appeal is dismissed without prejudice for want of a final, appealable order, and the motion for fees and costs is denied without prejudice.
Appeal dismissed without prejudice; appellee's motion for attorney's fees and costs for supplemental abstract and addendum denied without prejudice.
Virden and Klappenbach, JJ., agree.