N. MARK KLAPPENBACH, Judge
Janet Nicholas appeals from the order of the Logan County Circuit Court denying her petition for custody of her granddaughter, AI, and dismissing her from the ongoing dependency-neglect proceedings. Because the order from which Nicholas appeals is not a final, appealable order, we must dismiss the appeal.
The Department of Human Services (DHS) removed eight-month-old AI from the custody of her mother, Chelsi Isbell, in March 2017 due to inadequate food and shelter. A dependency-neglect case proceeded in which Nicholas, Isbell's mother, intervened and petitioned for custody of AI. In a review order entered in January 2018, the circuit court denied Nicholas's petition for custody and dismissed her from the case with prejudice. The court changed the goal of the case to termination of parental rights and adoption. The order included a Rule 54(b) certificate, and Nicholas appealed.
DHS and the attorney ad litem contend that Nicholas's appeal must be dismissed because the order from which she appeals is not final or otherwise appealable due to a deficient Rule 54(b) certificate. Whether an order is subject to an appeal is a jurisdictional issue that this court has the duty to raise, even if the parties do not. Gray v. White River Health Sys., Inc. , 2016 Ark. 73, 483 S.W.3d 293.
The circuit court's order denying custody is not explicitly appealable under either Rule 2 of the Arkansas Rules of Appellate Procedure, which governs appealable matters, or Arkansas Supreme Court Rule 6-9, specifically addressing appeals in dependency-neglect proceedings. Edwards v. Ark. Dep't of Human Servs. , 2015 Ark. 402, 474 S.W.3d 58. The order Nicholas appeals is not a final order under Rule 2(a)(1) because it clearly contemplates future action with respect to the placement of the child. See id. Rule 2(d) specifically addresses custody orders, but it applies only to orders awarding custody, not orders denying custody. See id. Rule 6-9 lacks any specific mention of an appeal from an order denying custody.
Although the order is not appealable outright under our rules, a circuit court may certify an otherwise nonfinal order for an immediate appeal by executing a certificate pursuant to Rule 54(b) of the Arkansas Rules of Civil Procedure. Pursuant to Arkansas Rule of Civil Procedure 54(b),
[w]hen more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination, supported by specific factual findings, that there is no just reason for delay and upon an express direction for the entry of judgment.
*754 Ark. R. Civ. P. 54(b). With respect to the requirements of Rule 54(b), the supreme court stated in Edwards that merely tracking the language of Rule 54(b) will not suffice; the record must show facts to support the conclusion that there is a likelihood of hardship or injustice that would be alleviated by an immediate appeal rather than at the conclusion of the case. The supreme court further noted that in addition to requiring the record to show such facts, it had "consistently held that the rule requires the order to include specific findings of any danger of hardship or injustice that could be alleviated by an immediate appeal and to set out the factual underpinnings that establish such hardship or injustice." Edwards , 2015 Ark. 402, at 6, 474 S.W.3d at 61 (quoting Holbrook v. Healthport, Inc. , 2013 Ark. 87, at 4, 2013 WL 776240 ).
Here, the circuit court's Rule 54(b) certificate repeats the court's reasons for denying Nicholas's petition for custody, repeats its determination that the case would proceed toward termination of parental rights and adoption and Nicholas would be dismissed, and then tracks the language from the rule:
Upon the basis of the foregoing factual findings, the Court hereby certifies, in accordance with Rule 54(b)(1), Ark. R. Civ. Pro., that it has determined that there is no just reason for delay of the entry of a final judgment shall [sic] be final judgment for all purposes.
The certificate does not include specific factual findings to support the determination that there is no just reason for delay or any finding that there is a likelihood of hardship or injustice that would be alleviated by an immediate appeal. The failure to include such findings means that the certificate does not satisfy the requirements of Rule 54(b), and we lack jurisdiction to hear the appeal. See Edwards , supra ; see also Bushee v. Ark. Dep't of Human Servs. , 2016 Ark. App. 339, 492 S.W.3d 559 (dismissing appeal because certificate did not tie its findings to the conclusion that a hardship may result if an appeal is not permitted).
Nicholas contends that her rights are forever terminated if she cannot prosecute this appeal because termination of Isbell's parental rights would also result in the termination of Nicholas's own grandparent rights. She argues that this court "cannot possibly have any confusion" as to the purpose of the inclusion of the Rule 54(b) certificate. We do not deny that there are obvious facts that could support a conclusion that there is a danger of injustice that would be alleviated by an immediate appeal. However, we are constrained by our supreme court's holdings that such findings must be made by the circuit court in the Rule 54(b) certificate. See Gray , supra ; Edwards , supra ; Holbrook ; supra. The posture of this case is virtually identical to the appeal in Edwards in which grandparents who had intervened in dependency-neglect proceedings attempted to appeal the circuit court's order denying their motion for custody and dismissing them from the case. We have no authority to overrule decisions by the Arkansas Supreme Court. Parnell v. Ark. Dep't of Human Servs. , 2018 Ark. App. 108, 538 S.W.3d 264. Accordingly, we must dismiss the appeal without prejudice.
Appeal dismissed.
Virden and Harrison, JJ., agree.