Cite as 2020 Ark. App. 406

# ARKANSAS COURT OF APPEALS
DIVISION I
**No.** CV-19-11

| | |
|---|---|
| JESSE CURETON AND JOIE CURETON | **Opinion Delivered:** September 16, 2020 |
| APPELLANTS | APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT [NO. 72CV-17-470] |
| V. | |
| CALVIN STOUT | |
| APPELLEE | HONORABLE DOUG MARTIN, JUDGE |
| | APPEAL DISMISSED |

## PHILLIP T. WHITEAKER, Judge

This appeal is a companion to *Cureton v. Stout*, 2020 Ark. App. 414, also handed down today. Both appeals arise out of a single lawsuit over a single motor-vehicle accident. Jesse Cureton and Joie Cureton were the plaintiffs below and are the appellants in both appeals. Appellee Calvin Stout was the defendant below. The circuit court bifurcated the case into separate trials for compensatory and punitive damages. Separate judgments were entered after each trial, resulting in two separate appeals.[1] This appeal is from the judgment entered after the punitive-damages phase. For the reasons explained below, we must dismiss this appeal because the circuit court was without jurisdiction to act on August 9, 2018, the entry date of the order on appeal.

---

[1]In the companion opinion, we dismissed the appeal for want of a final, appealable order.

We set forth detailed background facts in the companion case. For purposes of this opinion, we provide the following summary. The Curetons were injured in a motor-vehicle accident in which Stout admitted liability as to compensatory damages but denied liability as to punitive damages. Stout requested bifurcation of the compensatory- and punitive-damages claims. The circuit court bifurcated the compensatory- and punitive-damage claims pursuant to Rule 42(b) of the Arkansas Rules of Civil Procedure into separate phases of one trial to be conducted before the same jury, and the matter proceeded to trial on March 13–14, 2018. The jury returned with separate compensatory verdicts in favor of each of the Curetons, and the parties then proceeded to the punitive-damages phase of the trial.

During his opening statement in the punitive-damages phase, the Curetons' attorney said "we're asking you to punish the defendant for his behavior. This was not his first DWI." Stout's attorney immediately objected and sought a mistrial only as to the punitive-damages phase because the compensatory-damages phase had been tried and the jury had rendered verdicts and also because the punitive-damages phase could be heard separate and apart from the compensatory-damages phase. The Curetons argued that any mistrial should be for both phases of the case. The court granted the mistrial as to the punitive-damages phase only and discharged the jury.

On April 10, 2018, the court entered judgment on the jury's verdicts of compensatory damages. On May 10, the Curetons filed a notice of appeal from this judgment, which is the basis of the companion opinion.

On July 11, 2018, the parties proceeded to trial on the issue of punitive damages before a different jury. The jury awarded each appellant $10,000 in punitive damages.

2

Judgment on the jury's verdicts from the punitive-damages phase was entered on August 9. The Curetons filed their notice of appeal from the punitive-damages phase judgment on August 28.

As in the companion case, the Curetons raise several points in this appeal. We are not able to address the merits of the appeal at this time due to an issue of jurisdiction. As previously noted, the Curetons filed their notice of appeal from the compensatory-damages-phase judgment on May 10, 2018. In connection with that appeal, the record from that case was filed with our clerk on August 7. Generally, a circuit court loses jurisdiction to act once the record is lodged on appeal. *See Myers v. Yingling*, 369 Ark. 87, 251 S.W.3d 287 (2007). As a result, the circuit court lost jurisdiction once the record was lodged with our court on August 7. Here, the punitive-damages judgment was not entered until August 9. The circuit court had lost jurisdiction to enter the punitive-damages judgment by that time,[2] and the Curetons' appeal from it must be dismissed. *Myers, supra.*

Appeal dismissed.

HIXSON and MURPHY, JJ., agree.

*Rainwater, Holt & Sexton, P.A.*, by: *Meredith S. Moore*, for appellants.

*Benson & Bennett, P.L.C.*, by: *Justin Bennett*, for appellee.

---

[2]On July 11, 2018, the date of the punitive-damages trial, the circuit court had jurisdiction to conduct the proceeding. We recognize that the Curetons allege the court erred in the conduct of this proceeding. We do not address the allegations of error in the proceeding. We conclude only that the court had jurisdiction to conduct the proceeding but did not have jurisdiction to enter the judgment on August 9, 2018.

3