Cite as 2020 Ark. App. 414

# ARKANSAS COURT OF APPEALS

DIVISION I

**No.** CV-18-651

| | |
|---|---|
| JESSE CURETON AND JOIE CURETON | **Opinion Delivered:** September 16, 2020 |
| APPELLANTS | |
| | APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT |
| V. | [NO. 72CV-17-470] |
| CALVIN STOUT | |
| APPELLEE | HONORABLE DOUG MARTIN, JUDGE |
| | APPEAL DISMISSED |

**MIKE L. MURPHY, Judge**

This appeal is a companion to *Cureton v. Stout*, 2020 Ark. App. 406, also handed down today.[1] In this appeal, Jesse Cureton and Joie Cureton appeal the compensatory-damages award received from a jury trial in the Washington County Circuit Court.[2] For the reasons explained below, we must dismiss the appeal for lack of a final, appealable order.

Siblings Jesse Cureton and Joie Cureton were injured in a multivehicle accident on September 25, 2016. The accident occurred when the appellee Calvin Stout attempted a left-hand turn in front of on-coming traffic, and his vehicle collided with a vehicle driven

---

[1]Both appeals arise out of a single lawsuit wherein appellants sought both compensatory and punitive damage from appellee Calvin Stout as a result of a motor-vehicle accident.

[2]Although judgment was entered against Stout, he has not appealed.

by Edward Stith.[3] This initial collision forced Stith's vehicle into the Cureton vehicle. Stout was subsequently charged with driving while intoxicated and later pled guilty.

On March 9, 2017, the Curetons[4] filed suit against Stout, alleging negligence and seeking both compensatory and punitive damages because Stout was driving while intoxicated at the time of the motor vehicle collision. Stout answered the complaint, admitting liability for all compensatory damages to the Curetons but denying that he was liable for punitive damages.

Stout moved to bifurcate the proceedings into two stages, compensatory damages and punitive damages, pursuant to Arkansas Rule of Civil Procedure 42(b). He argued that because he had admitted liability, the only relevant issues at the compensatory-damages stage were the injuries and the amount of compensatory damages sustained by the plaintiffs as a result of the accident. He contended that evidence of his intoxication or that some conduct may have been willful, wanton, or intentional, on the other hand, was relevant only with respect to the claim for punitive damages.

---

[3]Stith was not named as a party in the subsequently filed lawsuit.

[4]The plaintiffs in the initial complaint were Jesse, who was the driver of the vehicle, and Chad and Monica Cureton, in their capacity as parents and guardians of Joie, who was a passenger and a minor at the time of the accident. During the pendency of the case, Joie reached the age of majority. The complaint was amended numerous times thereafter, but in the final amended complaint filed, Chad and Monica were still listed as parties although the complaint alleged that they were no longer necessary parties due to Joie's reaching the age of majority. The appellate record indicates the court orally dismissed Chad and Monica on the morning of trial; however, we were unable to find in our record any order either substituting Joie for Chad and Monica or any order formally dismissing Chad and Monica as parties. We note an oral ruling is not sufficient to dismiss a party from an action, as an oral order announced from the bench does not become effective until reduced to writing and filed. Ark. Sup. Ct. Admin. Order No. 2(b)(2) (2019); *McGhee v. Ark. Bd. of Collection Agencies*, 368 Ark. 60, 243 S.W.3d 278 (2006).

2

The Curetons opposed the motion to bifurcate, arguing that it should be denied because it would violate judicial economy and prejudice their claims. Additionally, they argued that Stout failed to show that bifurcation was needed.

On March 7, 2018, the circuit court entered an order granting Stout's motion to bifurcate. The court found that, given Stout's admission of liability, evidence concerning intoxication had only limited probative value to the issue of compensatory damages. The court also found that pursuant to Arkansas Rule of Evidence 403, the risk of undue prejudice of such evidence during the compensatory phase of the trial substantially outweighed any probative value it may have under Arkansas Rule of Evidence 401. The circuit court bifurcated the compensatory- and punitive-damages claims pursuant to Rule 42(b) of the Arkansas Rules of Civil Procedure into separate phases of one trial to be conducted before the same jury.

On March 8, 2018, Stout filed a second motion in limine. In this motion, he sought to exclude any history of prior DUIs or DWIs he had received as completely irrelevant to any phase of trial or any issue remaining to be tried. He had testified in a deposition that he had received more than one DWI or DUI over thirty years prior to the accident in this case.

In their March 9, 2018 response to Stout's motion in limine, the Curetons agreed that because Stout admitted liability, the traffic citations and subsequent convictions were not relevant in the compensatory-damages phase of the trial. The Curetons stated that they understood the court's ruling on the motion to bifurcate and would abide by the ruling.

The parties proceeded to a jury trial on March 13-14, 2018. After completing the compensatory-damages phase of the trial, the jury returned with separate verdicts awarding

the Curetons $1,000 each in compensatory damages. Each verdict form was signed by ten jurors. The parties then commenced the second punitive-damages phase of the trial.

During his opening statement of the punitive-damages phase, the Curetons' attorney said "we're asking you to punish the defendant for his behavior. This was not his first DWI." Stout's attorney immediately asked to approach the bench, at which time he objected and brought up his second motion in limine about the prior DWIs and the court's handling of the matter in chambers prior to trial. The court agreed that its orders and/or instructions had been violated by the Curetons' attorney and that there was no way to cure such a violation. Stout sought a mistrial only as to the punitive-damages phase because the compensatory-damages phase had been tried and the jury had rendered verdicts and also because the punitive-damages phase could be heard separate and apart from the compensatory-damages trial. The Curetons argued that any mistrial should be for both phases of the case. The court granted the mistrial only as to the punitive-damages phase and discharged the jury.[5] The court's mistrial ruling was memorialized in a detailed order entered on March 22, 2018.

On April 10, 2018, judgment was entered on the jury's verdicts of compensatory damages. On May 10, the Curetons filed their notice of appeal from this judgment.

The Curetons raise several points in this appeal. We are not able to address the merits of the appeal at this time due to finality issues. Whether an order is final and subject to appeal is a jurisdictional question that this court will raise sua sponte. *Moses v. Hanna's Candle*

[5]On July 11, 2018, a separate jury heard the evidence on punitive damages and rendered a verdict that is the basis of the companion appeal. See *Cureton v. Stout*, 2020 Ark. App. 406, the companion case handed down this day.

4

*Co.*, 353 Ark. 101, 103, 110 S.W.3d 725, 726 (2003). In order to discourage piecemeal litigation, an appeal may be taken only from a final judgment or decree, with certain limited exceptions. For a judgment to be final, it must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy. *See* Ark. R. App. P.–Civ. 2(a). Arkansas Rule of Civil Procedure 54(b) permits an appeal from an order resolving fewer than all claims against all parties but only when a proper certificate is executed by the circuit court. Without either a final order pursuant to Arkansas Rule of Appellate Procedure–Civil 2(a) or an order with a proper Arkansas Rule of Civil Procedure 54(b) certification, we do not have jurisdiction to hear this case. *Moses*, *supra*. We do not have such an order here.[6]

A circuit court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim or issue. Ark. R. Civ. P. 42(b). However, when separate trials are ordered, the case as a whole remains intact and usually results in but one judgment. *See Barnhart v. City of Fayetteville*, 316 Ark. 742, 875 S.W.2d 79 (1994). "There is no final judgment until all of the issues have been resolved and judgment entered on the whole case unless a lesser judgment is certified under the provisions of Rule 54(b)." *Id.* at 744–45, 875 S.W.2d at 80–81 (quoting Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 2392 (1st ed. 1971)). Consequently, a trial on any of the individual issues does not result in a final

---

[6]We are cognizant that the Curetons attempted to obtain a Rule 54(b) certification from the court but were denied. This denial of certification is not itself appealable nor does it render the compensatory-damages judgment a final order. *See Bean v. Ark. Dep't of Human Servs.*, 2016 Ark. App. 58.

5

judgment for purposes of appeal. *See Barnhart, supra; Ellis v. Agriliance, LLC*, 2012 Ark. App. 549.

The circuit court in this case ordered separate trials on the issues of compensatory and punitive damages in order to avoid prejudice to Stout.[7] However, pursuant to Arkansas Rule of Civil Procedure 42(b), the case as a whole remained intact until the entry of a single judgment. *Barnhart, supra.* The confusion here occurs because the court entered two separate judgments instead of one single judgment. But the entry of the two separate judgments does not circumvent our rules on finality. The compensatory-damages judgment in this appeal is not final because it did not resolve the issue of punitive damages. As such, it did not dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy. Nor did the circuit court issue a Rule 54(b) certification allowing for an interlocutory appeal of its decision. Because the order on appeal is not final, the appeal is subject to dismissal. *Servewell Plumbing, LLC v. Summit Contractors, Inc.*, 360 Ark. 521, 202 S.W.3d 525 (2005); *Barnhart, supra.*

Appeal dismissed.

WHITEAKER and HIXSON, JJ., agree.

*Rainwater, Holt & Sexton, P.A.*, by: *Meredith S. Moore*, for appellants.

*Benson & Bennett, P.L.C.*, by: *Justin Bennett*, for appellee.

---

[7]We are cognizant of the fact that in this appeal, the Curetons have alleged that the circuit court erred in its ruling on separate trials. We are not addressing the merits of this alleged error. We are merely concluding that the ruling of the court concerning the separation of trials creates a finality issue.