2016 Ark. 73

**Carolyn GRAY, Appellant**

**v.**

**WHITE RIVER HEALTH SYSTEM, INC. d/b/a White River Medical Center, Inc.; and Continental Casualty Company, Appellees.**

**No. CV–15–614**

Supreme Court of Arkansas.

Opinion Delivered February 25, 2016

David A. Hodges, Little Rock, for appellant.

Wright, Lindsey & Jennings, LLP, Little Rock, by: David P. Glover, Gary D. Marts, Jr., and David C. Jung, for appellees.

KAREN R. BAKER, Associate Justice

This appeal stems from a medical-malpractice action filed by appellant, Carolyn Gray, against Doctors' Anatomic Pathology Services, P.A., Dr. Stephen Locke, ten John Doe defendants, and appellees, White River Health System, Inc. d/b/a White River Medical Center, and its insurer Continental Casualty Company (appellees hereinafter collectively referred to as "WRMC"). In her suit filed on February 18, 2014, Gray asserted claims against WRMC alleging failure to intervene, vicarious liability, lack of qualified staff, nondelegable duty, and breach of contract. In response, WRMC filed a motion to dismiss Gray's claims of failure to intervene, vicarious liability as it related to unnamed personnel other than Dr. Locke, lack of qualified staff, and breach of contract, asserting that Gray failed to state sufficient facts as to WRMC's role in Gray's treatment. WRMC also filed a motion for summary judgment seeking dismissal of Gray's claim of vicarious liability as it pertained to acts of Dr. Locke and dismissal of Gray's nondelegable duty-claim. Gray responded, asserting that summary judgment was premature and also amended her response to WRMC's motion for summary judgment.

On November 14, 2014, the circuit court held a hearing on the motions and granted WRMC's motion for summary judgment. The circuit court also granted WRMC's motion to dismiss as to Gray's breach-of-contract claim and, for the remaining claims, allowed Gray ten days to amend her complaint. Gray amended her complaint, and WRMC renewed its original motion to dismiss. Gray also filed a second amended complaint alleging negligent hiring of an independent contractor. WRMC moved to dismiss Gray's additional claim, citing to *Paulino v. QHG of Springdale, Inc.*, 2012 Ark. 55, 386 S.W.3d 462.

On April 1, 2015, the circuit court held a second hearing and granted WRMC's remaining motions to dismiss and on May 11, 2015, entered an order of dismissal. Gray timely appealed to this court and presents three issues: (1) the circuit court erred in granting the motion to dismiss Gray's claim for negligent hiring of an independent contractor; (2) the circuit court erred in dismissing Gray's claims alleging vicarious liability; and (3) the circuit court erred in dismissing causes of action for which the hospital was directly liable. Because the circuit court's order did not contain specific factual findings that there was no just reason for delay in accordance with Arkansas Rule of Civil Procedure 54(b) (2014), we dismiss the appeal without prejudice for lack of a final order.

Whether an order is subject to an appeal is a jurisdictional issue that this court has the duty to raise, even if the parties do not. *Kyle v. Gray, Ritter & Graham, P.C.*, 2012 Ark. 268, at 1, 2012 WL 2149754. Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure–Civil (2014) provides that an appeal may be taken from a final judgment or decree entered by the circuit court. Although the purpose of requiring a final order is to avoid piecemeal litigation, a circuit court may certify an otherwise nonfinal order for an immediate appeal by executing a certificate pursuant to Rule 54(b) of the Arkansas Rules of Civil Procedure. *See Kyle, supra*; *Robinson v. Villines*, 2012 Ark. 211, 2012 WL 1739140. Rule 54(b)(1) provides in pertinent part:

Certification of Final Judgment. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party

claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination, supported by specific factual findings, that there is no just reason for delay and upon an express direction for the entry of judgment. In the event the court so finds, it shall execute the following certificate, which shall appear immediately after the court's signature on the judgment, and which shall set forth the factual findings upon which the determination to enter the judgment as final is based[.]

We have consistently held that the rule requires the order to include specific findings of any danger of hardship or injustice that could be alleviated by an immediate appeal and to set out the factual underpinnings that establish such hardship or injustice. *Kyle, supra*; *Blackman v. Glidewell*, 2011 Ark. 23, 2011 WL 291938; *Kowalski v. Rose Drugs of Dardanelle, Inc.*, 2009 Ark. 524, 357 S.W.3d 432.

■ In this case, the circuit court's "Rule 54(b) Certificate" states in its entirety:

The Court grants the request of the Plaintiff for an appeal under Rule 54(b)(1).

. . . .

With respect to the issues determined by the above judgment, the Court enters the following findings in support of the direction, which the Court is hereby doing herein, the entry of a final judgment as to fewer than all of the claims or parties and supplies this experience determination, by specific factual findings, but there is no just reason for delaying and the Court hereby expressly directs the entry of the Judgment, said findings as follows, viz:

1. Plaintiff, Carolyn Gray, went to White River Medical Center, Inc., facility for the purpose of a test to determine whether or not she had cancer.

2. Based on the declaration of the attorneys, Dr. Stephen W. Locke, who is neither an employee nor an agent of White River Medical Center, misread the test to indicate she did not have cancer.

3. A subsequent examination of the test indicated that there was an indication of cancer.

4. Based on the affidavit of Carolyn Gray, attached to the response to the Motion for Summary Judgment, filed May 7, 2014, together with the other pleadings, and other matters including the statements of the attorneys, at various pre-trial conferences, there is an issue whether or not h[is] misreading of [the] test by Dr. Stephen W. Locke caused damage to Carolyn Gray.

5. Based on the medical records attached to the Amendment to Motion for Continuance filed March 30, 2015, together with a statement of the attorneys, at this hearing, as to whether or not the cancer reoccurred.

6. There is no just reason for delay of the entry of a final order Judgment as to White River Health System, Inc., d/b/a White River Medical Center, Inc., and Continental Casualty Company.

Upon the basis of the foregoing factual findings, the court hereby certifies, in accordance with Rule 54(b)(1), Arkansas Rules of Civil Procedure, that it has determined that there is no just reason for the delay of the entry of a final judgment and that the Court does hereby direct that the Judgment as to the White River Health System, Inc., d/b/a

White River Medical Center, Inc., and Continental Casualty Company shall be a final judgment for all purposes. The court does hereby certify this on the date entered by the Court in this case.

From reading the order, we have determined that it does not contain factual findings explaining why hardship or injustice would result if an immediate appeal is not permitted. The order merely states a conclusion that an injustice would result and does not reference any hardship that would occur. Without specific findings to support this conclusion, the ₅order does not satisfy the requirements of Rule 54(b). Because the order being appealed is not final, and in the absence of an effective Rule 54(b) certification, we must dismiss the appeal without prejudice.

Appeal dismissed.