Cite as 2016 Ark. App. 339

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CV-16-177

| | | |
|---|---|---|
| TIFFANY BUSHEE | | **Opinion Delivered** June 22, 2016 |
| | APPELLANT | |
| V. | | APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT [NO. JV15-9] |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES and MINOR CHILD | | HONORABLE STACEY ZIMMERMAN, JUDGE |
| | APPELLEES | DISMISSED WITHOUT PREJUDICE |

## RITA W. GRUBER, Judge

Tiffany Bushee appeals from certain adverse findings included in a permanency-planning order entered by the Washington County Circuit Court in this dependency-neglect case. In a jointly filed brief, the Department of Human Services (DHS) and the attorney ad litem contend that, because the permanency-planning order is not a final and appealable order and because the circuit court's Rule 54(b) certificate is defective, this court has no jurisdiction to consider Ms. Bushee's appeal. We agree, and we dismiss the appeal without prejudice.

This case began when DHS took Ms. Bushee's son, D.B. (born 4/21/14), into protective custody on January 1, 2015, in response to allegations of the mother's substance abuse and parental neglect. The circuit court adjudicated D.B. dependent-neglected on February 19, 2015, with the stated goal as reunification with Ms. Bushee. The court ordered Ms. Bushee to continue to submit to weekly drug-and-alcohol screens; to participate in individual counseling; and to maintain stable housing and employment. After the adjudication

hearing, DNA testing showed Gerrod Holmes to be D.B.'s biological father. On June 10, 2015, the court granted DHS's motion to deny Mr. Holmes visitation based on Mr. Holmes's unresolved criminal charges and failure to submit to drug screens.

In a review order entered on July 15, 2015, although the circuit court found that Ms. Bushee had attended counseling, attended AA meetings, attended visitation, maintained stable housing and employment, and completed a psychological evaluation, the court expressed concern that she continued to use illegal drugs and had not maintained her sobriety. The court also found that Mr. Holmes had not resolved his criminal fines and had tested positive for illegal drugs in May. The court continued Ms. Bushee's supervised visitation with D.B., authorized Mr. Holmes to have supervised visitation, and ordered both parents to pay child support. Then, on July 20, 2015, pursuant to the ad litem's motion for an emergency hearing, the court discontinued Ms. Bushee's visitation and ordered her to enter and complete inpatient substance-abuse treatment.

On November 4, 2015, the court held a permanency-planning hearing in which it found that Ms. Bushee had not complied with all of the court orders and case plan, specifically noting that she had not adequately addressed the drug and alcohol issues that caused DHS to take custody of D.B. and had not paid child support. But the court continued her twice-weekly supervised visitation. The court found that Mr. Holmes was in compliance with the case plan and had paid his child support; it continued his weekly one-hour supervised visitation and added unsupervised visits every other Saturday for four hours. The court continued the goal of reunification and set a fifteen-month permanency-planning hearing for

SLIP OPINION

January 29, 2016. At the conclusion of the hearing, Ms. Bushee's counsel asked the court to enter a Rule 54(b) certification. The court entered a permanency-planning order with an attached 54(b) certificate on December 11, 2015. Ms. Bushee filed this appeal.

Arkansas Supreme Court Rule 6-9 provides that the following orders may be appealed from dependency-neglect proceedings:

(A) adjudication order;

(B) disposition, review, no reunification, and permanency planning order if the court directs entry of a final judgment as to one or more of the issues or parties based upon the express determination by the court supported by factual findings that there is no just reason for delay of an appeal, in accordance with Ark. R. Civ. P. 54(b);

(C) termination of parental rights;

(D) denial of right to appointed counsel pursuant to Ark. Code Ann. § 9-27-316(h); and

(E) denial of a motion to intervene.

Ark. Sup. Ct. R. 6-9(a)(1) (2015). The order appealed from in this case is a permanency-planning order; therefore, in order for it to be appealed, the court must have complied with the requirements of 54(b). *Id.*

Pursuant to Rule 54(b), "the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination, supported by specific factual findings, that there is no just reason for delay and upon an express direction for the entry of judgment." Ark. R. Civ. P. 54(b) (2015). Merely tracking the language of the rule will not suffice; "the record must show facts to support the conclusion that there is a likelihood of hardship or injustice which would be alleviated by an immediate

3

appeal rather than at the conclusion of the case." *Edwards v. Ark. Dep't of Human Servs.*, 2015 Ark. 402, at 6, 474 S.W.3d 58, 61. Not only must the record show such facts, but the order must include "specific findings of any danger of hardship or injustice that could be alleviated by an immediate appeal and . . . set out the factual underpinnings that establish such hardship or injustice." *Id.* (citing *Holbrook v. Healthport, Inc.*, 2013 Ark. 87, at 4).

We turn to the Rule 54(b) certificate issued by the circuit court in this case:

> With respect to the issues determined by the above judgment, the Court report, recommendations of the Department of Human Services, and the attorneys state that mother is in compliance with the case plan and orders. Father is representing himself in the proceedings. The Court ordered graduated visitation between the child and the mother. The Court called its own witnesses pursuant to Arkansas Rules of Evidence Rule 614, and the Court found, based upon testimony, exhibits and other matters properly before the Court, that mother is not in full compliance with court orders and that she shall not have expanded or unsupervised visitation. These findings may affect the mother's rights and ability for reunification which is the goal of the case. Further, based upon testimony, exhibits and other matters properly before the Court, the Court granted the father unsupervised visits against the recommendation of the attorneys. A hardship or injustice may result if this appeal is not permitted.

> Upon the basis of the foregoing factual findings, the Court hereby certifies in accordance with Rule 54(b)(1), Ark. R. Civ. P., that it has been determined there is not just reason for delay of the entry of final judgement and the Court has and does hereby direct that the judgment shall be final for purposes of appeal.

Although the certificate does set forth findings that the circuit court made in its permanency-planning order and concludes by stating that a hardship or injustice may result if an appeal is not permitted, the certificate does not tie the findings to its conclusion. That is, the certificate does not explain exactly what constitutes the hardship or injustice or explain how it could be alleviated by an immediate appeal. The permanency-planning order did not award permanent custody to anyone, change the goal of the case, or eliminate services or visitation. Indeed, the

court scheduled a second permanency-planning hearing for three months later. Although the court did state in its certificate that its findings could affect Ms. Bushee's "rights and ability for reunification," the court did not explain how this finding constituted a particular hardship or injustice that would be alleviated by an immediate appeal rather than an appeal at the conclusion of the case. We hold that the Rule 54(b) certificate does not satisfy the requirements of Ark. Sup. Ct. R. 6-9(a)(1) and Ark. R. Civ. P. 54(b). Accordingly, we lack jurisdiction to hear the appeal.

Dismissed without prejudice.

ABRAMSON and VIRDEN, JJ., agree.

*Tabitha B. McNulty*, Arkansas Public Defender Commission, for appellant.

*Jerald A. Sharum*, Office of Chief Counsel, for appellee.

*Chrestman Group, PLLC*, by: *Keith L. Chrestman*, attorney ad litem for minor child.