KENNETH S. HIXSON, Judge
Appellant David L. McKim appeals an order of the Faulkner County Circuit Court granting summary judgment in favor of appellee Jack B. Sullivan in a negligence action arising from a motorcycle accident. On appeal, appellant contends that the circuit court erred in granting summary judgment because the circuit court erred in ruling that Arkansas Code Annotated section 27-51-1405(a) - (b) (Repl. 2010) does not apply to natural substances such as dirt, gravel, and rocks. However, we must dismiss this appeal without prejudice because the judgment herein is not a final judgment for purposes of appeal, and there is a lack of a proper certification under Rule 54(b) of the Arkansas Rules of Civil Procedure.
On June 4, 2014, McKim was traveling westbound on Elliott Road in Greenbrier, Arkansas, near the intersection with Arkansas Highway 25 when he lost control of his motorcycle and collided with oncoming traffic, wherein McKim sustained significant personal injuries. In his complaint, McKim alleged that a series of events occurred prior to the accident that ultimately turned out to be a proximate cause of the accident and his injuries. Appellee Sullivan owns property along Elliot Road. A couple days prior to McKim's accident, it is undisputed that a tractor trailer had gotten stuck in a ditch on Sullivan's property and that Sullivan had employed Jim Smith's Wrecker Service to remove the *837 tractor trailer. McKim alleged in his complaint that as a result of the removal of the tractor trailer, dirt and gravel were strewn across Elliot Road. McKim further alleged that that the dirt and gravel on the roadway caused him to lose control of his motorcycle and that Sullivan and Jim Smith, individually and d/b/a Jim Smith Collision and Wrecker Center, Inc. (collectively Jim Smith's Wrecker Service), were negligent by failing to remove the dirt and gravel from the roadway. Sullivan filed an answer generally denying liability.[1]
McKim subsequently filed an amended complaint where he added Mitchell Collision and Towing Center, Inc. d/b/a Jim Smith Collision and Wrecker, Jim Smith Wrecker Service, and Smith Collision and Wrecker; Samuel Mitchell, Individually; and Sam Mitchell, Individually (collectively referred to as the Mitchell defendants), as additional defendants. While the amended complaint adds the Mitchell defendants, the complaint does not contain any allegations against the Mitchell defendants except to state that Mitchell Collision and Towing Center, Inc., is an Arkansas corporation, Samuel Mitchell is the "Incorporator / Organizer" of the corporation, and Sam Mitchell is the president of the corporation.[2]
On August 19, 2016, Sullivan filed a separate motion for summary judgment. Neither Jim Smith's Wrecker Service nor the Mitchell defendants joined that motion. In his motion, Sullivan argued that he did not owe either a common-law or a statutory duty to prevent natural materials from being deposited onto a public roadway or require their removal. Sullivan further argued that there "is no common law duty imposed on a landowner such as Sullivan to control natural substances on his property for the benefit of users of a public highway." And Sullivan claimed that Arkansas Code Annotated section 27-51-1405 does not impose a duty because the statute does not apply to "natural objects ," such as dirt, gravel, rocks, or mud. Additionally, Sullivan argued that McKim could not prove that "Sullivan breached a duty owed to [McKim] as Sullivan had no duty to prevent and/or remove the gravel debris at issue from Elliott Road, which allegedly caused [McKim] to lose control of his motorcycle." Thus, Sullivan argued that he was entitled to judgment as a matter of law.
McKim filed a response denying that Sullivan was entitled to judgment as a matter of law. McKim argued that Arkansas Code Annotated section 27-51-1405 is applicable as it prohibits any person from depositing on any highway any "substance likely to injure any person, animal, or vehicle upon the highway." Ark. Code Ann. § 27-51-1405(a). McKim further argued that Arkansas Code Annotated section 27-51-1405(b) states that any person who "drops or permits to be dropped or thrown upon any highway any destructive or injurious material shall immediately remove it or cause it to be removed." Therefore, McKim alleged that both provisions imposed a duty that Sullivan breached.
The circuit court filed an order granting Sullivan's motion for summary judgment on March 23, 2017. In its order, the circuit court made the following relevant findings:
2. The Court finds that the Plaintiff must prove the following elements to *838 establish a prima facie negligence cause against Sullivan: 1) the Plaintiff sustained damages, 2) Sullivan was negligent, and 3) that negligence was the proximate cause of Plaintiff's damages. Ambrus v. Russell Chevrolet Co. , 327 Ark. 367, 937 S.W.2d 183 (1997). To prove any negligence on the part of Defendant Sullivan, Plaintiff must show a failure to exercise proper care in the performance of a legal duty, which Sullivan owed to Plaintiff under the circumstances. Cent. Okla. Pipeline, Inc. v. Hawk Field Serv., LLC , 2012 Ark. 157, 400 S.W.3d 701. Duty is a concept that arises out of the recognition that relations between individuals may impose upon one a legal obligation for the other. Id. Absent a duty, there can be no breach and no liability sounding in negligence. Federal Savings Loan Corp. v. Smith , 721 F.Supp. 1039, 1048 (E.D. Ark. 1989). This question of what duty, if any, is owed a Plaintiff alleging negligence is always a question of law. Lawhon Farm Supply, Inc. v. Hayes , 316 Ark. 69, 71, 870 S.W.2d 729, 730 (1994).
3. Arkansas has no requirement that natural materials be removed from a roadway or prevent their deposit thereon. Defendant points out the closest statute addressing this issue is Ark. Code Ann. § 27-51-1405. That statute speaks of the throwing or depositing of manufactured or unnatural substances on a roadway, not dirt or the substance of the roadway itself. Defendant's reasoning, that this Court adopts, that the intent of the statute is to prevent unnatural dangerous objects from entering the roadway. Natural objects like dirt, gravel debris, rocks, and/or mud are not identified in the above statute. Because there Sullivan owed no statutory duty to Plaintiff to prevent natural debris from entering the roadway, and no duty to remove said natural debris accrued to Sullivan. Additionally, the common law enforces no duty on a landowner such as Sullivan to control natural substances on his property for the benefit of users of a public highway. Driggers v. Locke , 323 Ark. 63, 913 S.W.2d 269 (1996).
4. Because Plaintiff cannot prove that Sullivan owed a duty to Plaintiff that was breached, Plaintiff cannot establish negligence. This results in no material facts being in dispute and therefore Defendant Sullivan is entitled to judgment as a matter of law.
5. Defendant Sullivan's Motion for Summary Judgment is, for the above-stated reasons, granted.
Clearly, the order granting summary judgment is not a final order in that the order did not dispose of the claims against Jim Smith's Wrecker Service.[3] Therefore, McKim filed a motion for reconsideration or in the alternative a motion for certification pursuant to Rule 54(b) to seek our appellate review. On May 10, 2017, the circuit court filed an order granting appellant's motion for certification pursuant to Rule 54(b) and directing final judgment as to Sullivan on the basis of the findings detailed in the attached Rule 54(b) certificate. This appeal followed.
*839 I. Rule 54(b) Certificate
The sufficiency of a certificate pursuant to Rule 54(b) of the Arkansas Rules of Civil Procedure is a jurisdictional issue that this court has the duty to raise, regardless of whether it is raised by the parties. Kowalski v. Rose Drugs of Dardanelle, Inc. , 2009 Ark. 524, 357 S.W.3d 432. Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure-Civil provides that an appeal may be taken from a final judgment or decree entered by the circuit court. Although the purpose of requiring a final order is to avoid piecemeal litigation, a circuit court may certify an otherwise nonfinal order for an immediate appeal by executing a certificate pursuant to Rule 54(b). Gray v. White River Health Sys., Inc. , 2016 Ark. 73, 483 S.W.3d 293. Rule 54(b) provides, in pertinent part, that the circuit court may direct the entry of a final judgment "only upon an express determination supported by specific factual findings, that there is no just reason for delay and upon an express direction for the entry of judgment." Ark. R. Civ. P. 54(b) ; see also Holbrook v. Healthport, Inc. , 2013 Ark. 87, 2013 WL 776240. Furthermore, the court must execute a certificate "which shall set forth the factual findings upon which the determination to enter the judgment as final is based[.]" Ark. R. Civ. P. 54(b). Our supreme court has repeatedly held that "the rule requires the order to include specific findings of any danger of hardship or injustice that could be alleviated by an immediate appeal and to set out the factual underpinnings that establish such hardship or injustice." Gray , 2016 Ark. 73, at 3, 483 S.W.3d at 295 ; see also Kyle v. Gray, Ritter & Graham, P.C. , 2012 Ark. 268, 2012 WL 2149754. In Bushee v. Arkansas Department of Human Services , 2016 Ark. App. 339, at 4, 492 S.W.3d 559, 562, we further explained that the circuit court must "tie [its] findings to its conclusion." In other words, the certificate must "explain exactly what constitutes the hardship or injustice or explain how it could be alleviated by an immediate appeal." Id.
Here, the certificate sets out the following relevant findings:
1. On March 23, 2017, this Court granted summary judgment to Separate Defendant Sullivan on the basis that Plaintiff could not prove that Sullivan owed a duty to the Plaintiff.
2. Separate Defendant Jim Smith, who did not file for summary judgment continues to be subject to the jurisdiction of the Court.
3. The claims against Smith are based upon the same set of facts and allegations as to the duty owed, while not identical, are similar and overlap with the allegations of duty determined by the Court's March 23, 2017 Order.
4. As such, directing entry of final judgment as to Separate Defendant Sullivan will not lead to piecemeal appeals of this matter and it is in the best interests of judicial economy for an appeal of this order to take place prior to moving forward with the remaining claims.
Upon the basis of the foregoing factual findings, the court hereby certifies, in accordance with Rule 54(b)(1), Ark. R. Civ. P., that it has determined that there is no just reason for delay of the entry of a final judgment and that the court has and does hereby direct that the judgment shall be a final judgment for all purposes.
While the order may contain factual findings of the issues that confronted the circuit court in its ruling for summary judgment, the order contained no factual findings explaining why hardship or injustice would result if an immediate appeal is *840 not permitted. Without specific findings to explain the hardship or injustice, the order does not satisfy the requirements of Rule 54(b), and we must dismiss this appeal without prejudice.
Appeal dismissed without prejudice.
Whiteaker and Murphy, JJ., agree.

The record does not contain an answer filed by Jim Smith's Wrecker Service; however, there is some language in the record that vaguely indicates that Jim Smith's Wrecker Service did file an answer.

The pleadings in the record do not contain any information as to the relevance of the Mitchell defendants to this litigation other than adding them as named defendants.

The record reflects that on August 3, 2017, defendants Mitchell Collision and Towing Center, Inc.; Samuel Mitchell; and Sam Mitchell were dismissed with prejudice after a separate motion for summary judgment was filed. However, there is no order dismissing Jim Smith's Wrecker Service, and therefore, there are claims and parties still pending in circuit court.