PHILLIP T. WHITEAKER, Judge
The Prescott School District ("the District") appeals a Nevada County jury award in favor of Patricia Steed on her breach-of-contract action. We have this case before us for the second time. We dismissed the first appeal for lack of a final, appealable order because it was unclear from the record that (1) Steed's Arkansas Teacher Fair Dismissal Act ("ATFDA") and outrage claims had been *761 dismissed with prejudice; (2) that the one-year savings statute on those dismissals had not yet expired; and (3) that no Arkansas Rule of Civil Procedure 54(b) certificate had been entered. See Prescott Sch. Dist. v. Steed , 2017 Ark. App. 533, 2017 WL 4664550.
After our dismissal, the District requested that the circuit court enter a Rule 54(b)certificate. The court granted the request in a stand-alone order on November 8, 2017. The court found that the savings statute would not run on Steed's remaining claims until December 9, 2017; that she had not shown any intent to refile those claims; and that forcing the District to wait until December 9, 2017, to restart the appeal process would result in an unnecessary waste of time for all parties.
The District filed a notice of appeal from the Rule 54(b) certificate. We must once again dismiss the appeal for lack of a final, appealable order because the Rule 54(b) certificate in this case is insufficient in both form and substance. The sufficiency of a certificate pursuant to Rule 54(b) of the Arkansas Rules of Civil Procedure is a jurisdictional issue that this court has the duty to raise, regardless of whether it is raised by the parties. Kowalski v. Rose Drugs of Dardanelle, Inc. , 2009 Ark. 524, 357 S.W.3d 432.
Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure-Civil provides that an appeal may be taken from a final judgment or decree entered by the circuit court. Ark. R. App. P.-Civ. 2(a)(1) (2017). Although the purpose of requiring a final order is to avoid piecemeal litigation, a circuit court may certify an otherwise nonfinal order for an immediate appeal by executing a certificate pursuant to Rule 54(b). Gray v. White River Health Sys., Inc. , 2016 Ark. 73, 483 S.W.3d 293.
A proper Rule 54(b) certificate grants finality to a judgment that is otherwise not final for appellate purposes. Rule 54(b)(1) requires that a proper certificate "shall appear immediately after the court's signature on the judgment." Ark. R. Civ. P. 54(b)(1) (2017) (emphasis added). The word "shall" when used in our rules of civil procedure is construed to mean that compliance is mandatory. Watkins v. City of Paragould , 2013 Ark. App. 539, 2013 WL 5512831. "The plain language of the rule therefore requires that the certificate be located on the judgment, after the court's signature." Id. at 3.
Here, the Rule 54(b) certificate does not comply with our rules. "It was not attached to the court's order; nor did it reiterate the findings and conclusions of law from the order, or incorporate or replicate the order in any way." Id. at 2. Accordingly, the Rule 54(b) certificate before us in its current form is insufficient to vest jurisdiction with this court.
The Rule 54(b) certificate is also inadequate because it does not provide a proper justification for its entry. Rule 54(b) provides, in pertinent part, that the circuit court may direct the entry of a final judgment "only upon an express determination supported by specific factual findings, that there is no just reason for delay and upon an express direction for the entry of judgment." Ark. R. Civ. P. 54(b) ; see also Holbrook v. Healthport, Inc. , 2013 Ark. 87, 2013 WL 776240. Furthermore, the court must execute a certificate "which shall set forth the factual findings upon which the determination to enter the judgment as final is based[.]" Ark. R. Civ. P. 54(b). Our supreme court has repeatedly held that "the rule requires the order to include specific findings of any danger of hardship or injustice that could be alleviated by an immediate appeal and to set out the factual underpinnings that establish *762 such hardship or injustice." Gray , 2016 Ark. 73, at 3, 483 S.W.3d at 295 ; see also Kyle v. Gray, Ritter & Graham, P.C. , 2012 Ark. 268, 2012 WL 2149754. In Bushee v. Arkansas Department of Human Services , 2016 Ark. App. 339, at 4, 492 S.W.3d 559, 562, we further explained that the circuit court must "tie [its] findings to its conclusion." In other words, the certificate must "explain exactly what constitutes the hardship or injustice or explain how it could be alleviated by an immediate appeal." Id.
The certificate executed by the circuit court is woefully inadequate. It merely provides that "there is no just reason for delay on the District's appeal of the judgment and because there is substantial likelihood of hardship or injustice which would be alleviated by an immediate re-appeal." The circuit court then stated that if it did not enter the Rule 54(b) certificate, "the District would have to wait until December 9, 2017 to essentially restart the appeal process, which is an unnecessary waste of time for all parties." The Rule 54(b) certificate was entered approximately one month before the expiration of the savings statute. Such a short time period is not a satisfactory reason for the entry of such an order. Thus, even if the certificate had complied with Rule 54(b)'s requirements as to form, we do not find this court's reasoning persuasive.
Because the Rule 54(b) certificate is insufficient in both form and substance, we dismiss the appeal without prejudice.
Dismissed without prejudice.
Gruber, C.J., and Brown, J., agree.