Cite as 2020 Ark. App. 489

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV–19–31

| | |
|---|---|
| DIANA WILCOX<br><br>APPELLANT<br><br>V.<br><br>RUBE "DUBBY" WILCOX<br><br>APPELLEE | **Opinion Delivered:** October 28, 2020<br><br>APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT<br>[NO. 23DR–15–547]<br><br>HONORABLE H.G. FOSTER, JUDGE<br><br>DISMISSED WITHOUT PREJUDICE |

**RAYMOND R. ABRAMSON, Judge**

This is an appeal from a decree of divorce the Faulkner County Circuit Court entered on July 13, 2018, granting Diana Wilcox an absolute divorce from Rube "Dubby" Wilcox. Diana appeals the decree and raises two arguments for reversal. We dismiss her appeal without prejudice for lack of a final order.

The parties were first married on May 20, 1978, and lived together as husband and wife until May 1, 2002. On November 14, 2002, the Faulkner County Circuit Court granted Diana an absolute divorce from Dubby; however, not all of the marital property was disposed of in the decree. Rather, the circuit court reserved all remaining issues for trial at a later date. The final hearing never occurred because the parties reconciled and then remarried on May 20, 2004.

Diana filed for divorce again in 2015, and the circuit court held a final divorce hearing on October 23, 2017. After the final hearing, the court asked both parties to submit posttrial briefs on the issue of how the division of property in the current divorce may be affected by the 2002 divorce. Subsequently, Diana filed a petition for contempt, alleging that Dubby had violated the circuit court's standing restraining order. A contempt hearing was held on March 13, 2018, and it was agreed that the issue had been resolved prior to the hearing. Diana requested that attorney's fees be awarded for having to appear for the contempt hearing, and the circuit court took the fee issue under advisement as well as Dubby's previous request for attorney's fees.

On July 13, 2018, the circuit court granted Diana an absolute divorce from Dubby on the statutory ground of eighteen months' separation without cohabitation. However, the circuit court did not address the petition for contempt either in its decree from which this appeal is taken or in any separate order. Diana has appealed the decree and raises two arguments for reversal.

We cannot address the merits of Diana's arguments because she has appealed a nonfinal order. Whether an order is subject to an appeal is a jurisdictional issue that this court has the duty to raise even if the parties do not. *Gray v. White River Health Sys., Inc.*, 2016 Ark. 73, at 2–3, 483 S.W.3d 293, 294. Our rules state that an appeal may be taken from a final judgment or decree. Ark. R. App. P.–Civ. 2(a)(1) (2019). Our supreme court has held that "for an order to be final and appealable, it must terminate the action, end the litigation, and conclude the rights to the matter in controversy." *Beverly Enters.-Ark., Inc. v. Hillier*, 341 Ark. 1, 3, 14 S.W.3d 487, 488 (2000). The purpose of requiring a final order is

to avoid piecemeal litigation. *Gray*, 2016 Ark. 73, at 3, 483 S.W.3d at 294. In *Roach v. Roach* we explained:

> [B]ecause "[c]ontempt is not merely a collateral issue, like attorney's fees," *Anderson-Tully Co. v. Vaden et al.*, 2018 Ark. App. 484, at 4, 562 S.W.3d 249, 251, a circuit court's order is not final and appealable when a contempt issue remains pending. *Id*. The circuit court did not rule on the petition for contempt that Karen filed shortly before the second phase of the trial in April 2015, and Karen did not abandon any pending claim in her notice of cross-appeal under Rule 3(e)(vi) of the Arkansas Rules of Appellate Procedure–Civil. Therefore, because Karen's contempt petition remains pending . . . we dismiss the appeal and cross-appeal without prejudice.

2019 Ark. App. 34, at 6, 571 S.W.3d 487, 490–91.

Here, Diana's contempt petition was not resolved by written order and therefore remains pending. *See* Ark. Sup. Ct. Admin. Order No. 2 (declaring that an oral order announced from the bench does not become effective until reduced to writing and filed). Furthermore, she did not abandon any pending claims in her notice of appeal under Rule 3(e)(vi) of the Arkansas Rules of Appellate Procedure–Civil nor was a Rule 54(b) certificate executed. Therefore, we lack jurisdiction to address Diana's challenges to the court's order. We dismiss the appeal without prejudice.

Additionally, while the merits cannot be reached, we note that there are certain briefing deficiencies that must be remedied prior to any subsequent appeal. Our review specifically indicates the following: (1) the abstract is not a condensation of the transcript but rather includes 415 pages, many of which involve issues not relevant on appeal; (2) the abstract reproduces much of the transcript verbatim; (3) most of the abstract is in question and answer format; and (4) the addendum includes the entire record of trial court filings rather than only the documents necessary to confirm jurisdiction, understand the case, and decide the issues on appeal. The deficiencies we have noted are not to be taken as an

3

exhaustive list. We encourage the appellant to review Arkansas Supreme Court Rule 4-2 to ensure that no additional deficiencies are present.

Dismissed without prejudice.

GRUBER, C.J., and KLAPPENBACH, J., agree.

*Helen Rice Grinder*, for appellant.

*The Bargar Law Firm, P.A.*, by: *James L. Bargar*; and *Brian G. Brooks, Attorney at Law, PLLC*, by: *Brian G. Brooks*, for appellee.