Cite as 2021 Ark. App. 493

# ARKANSAS COURT OF APPEALS

DIVISION II

**No.** CV–21–20

|  |  |
|---|---|
| WILLIAM SANCHEZ<br><br>APPELLANT<br><br>V.<br><br>GLENN E. WEEKS<br><br>APPELLEE | **Opinion Delivered** December 8, 2021<br><br>APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. 04DR-19-1313]<br><br>HONORABLE DOUG SCHRANTZ, JUDGE<br><br>DISMISSED WITHOUT PREJUDICE |

## PHILLIP T. WHITEAKER, Judge

Appellant William Sanchez appeals a Benton County decree divorcing him from the appellee, Glenn E. Weeks. On appeal, Sanchez argues that the circuit court erred in its division of the marital assets and debts, including its decision declaring the parties' home to be marital property and its allocation of Sanchez's 401(k) plan among Sanchez, his ex-wife, and Weeks. We cannot reach the merits of the case at this time because Sanchez has appealed a nonfinal order.

Our rules state that an appeal may be taken from a final judgment or decree. Ark. R. App. P.–Civ. 2(a)(1) (2021). Our supreme court has held that "for an order to be final and appealable, it must terminate the action, end the litigation, and conclude the rights to the matter in controversy." *Beverly Enters.-Ark., Inc. v. Hillier*, 341 Ark. 1, 14 S.W.3d 487 (2000). The purpose of requiring a final order is to avoid piecemeal litigation. *Gray v. White River Health Sys., Inc.*, 2016 Ark. 73, 483 S.W.3d 293. Without a final order, we do not

have jurisdiction for appellate review. *Ballegeer v. Ballegeer*, 2021 Ark. App. 390. We also have a duty to raise the jurisdictional issue of finality even if the parties do not. *Gray*, *supra*.

Here, Weeks moved for contempt on July 21, 2020, on the basis of an alleged violation of the circuit court's standing order regarding the disposition of marital property. At the final hearing on divorce on September 18, 2020, Weeks reasserted his request for contempt. We find no indication in the record before us that the circuit court ever ruled on that motion. The court entered a decree of divorce on October 19, 2020, but that decree did not address the outstanding contempt motion. Thus, we conclude that the decree of divorce is not the end of the litigation. As we explained in *Roach v. Roach*,

> [B]ecause "[c]ontempt is not merely a collateral issue, like attorney's fees," *Anderson-Tully Co. v. Vaden et al.*, 2018 Ark. App. 484, at 4, 562 S.W.3d 249, 251, a circuit court's order is not final and appealable when a contempt issue remains pending. *Id.* The circuit court did not rule on the petition for contempt that Karen filed shortly before the second phase of the trial in April 2015, and Karen did not abandon any pending claim in her notice of cross-appeal under Rule 3(e)(vi) of the Arkansas Rules of Appellate Procedure–Civil. Therefore, because Karen's contempt petition remains pending . . . we dismiss the appeal and cross-appeal without prejudice.

2019 Ark. App. 34, at 6, 571 S.W.3d 487, 490–91.

As in *Roach*, Weeks's contempt petition has never been ruled on, and Sanchez cannot cure the deficiency by abandoning any pending but unresolved claims because the unresolved claim was asserted by Weeks, not Sanchez. We therefore lack jurisdiction to address Sanchez's challenges to the divorce decree, which is not at this time a final order. We dismiss the appeal and urge the parties to ensure, prior to any future appeal, that there are no other finality issues.

Dismissed without prejudice.

GLADWIN and HIXSON, JJ., agree.

*Evans & Evans Law Firm*, by: *James E. Evans, Jr.*, for appellant.

*Joseph Paul Smith, P.A.*, by: *Joseph Paul Smith*, for appellee.