Cite as 2021 Ark. App. 490

# ARKANSAS COURT OF APPEALS
DIVISION IV
No. CV-21-345

| | |
|---|---|
| TONYA YORK<br><br>APPELLANT<br><br>V.<br><br>ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILDREN<br><br>APPELLEES | **Opinion Delivered** December 8, 2021<br><br>APPEAL FROM THE CONWAY COUNTY CIRCUIT COURT<br>[NO. 15JV-20-6]<br><br>HONORABLE DAVID H. MCCORMICK, JUDGE<br><br>DISMISSED WITHOUT PREJUDICE |

## RITA W. GRUBER, Judge

Appellant, Tonya York, appeals from a permanency-planning order of the Conway County Circuit Court. Because we have no jurisdiction to consider York's appeal, we dismiss it without prejudice.

The parents of the children in this dependency-neglect case—York and Mike Lyon—were divorced by decree entered March 11, 2011, and were awarded joint custody. Thereafter, York and Lyon were in continual dispute regarding physical custody of their children, SL and ShL, with York defying court orders and preventing Lyon from seeing the children or having any meaningful relationship. In August 2019, the Conway County Circuit Court continued joint legal custody but changed primary physical custody of the children to Lyon. One of the court's conclusions of law, however, provided as follows:

> The Court finds that the recommendation of the Attorney ad Litem that neither of these parents should be awarded custody of these children is truly what

would be in the best interest of these children. Both of these parents have been so vile and hostile for so long that the Court is doubtful that either child will have a meaningful relationship with either parent; however, there being no other relative that has stepped forward and this not being a juvenile case, the Court must award these children to one of the parties.

After the order was entered, York moved with the children to Oklahoma, where, on January 3, 2020, she was arrested on a warrant for interference with Lyon's visitation. The children were taken into the care of the Oklahoma Department of Human Services. The Bryan County, Oklahoma, district court exercised temporary emergency jurisdiction, adjudicated the children dependent-neglected, and transferred the case to the juvenile division of the Conway County Circuit Court. The court accepted jurisdiction over the case, gave full faith and credit to the judicial findings of the Oklahoma district court, and transferred the case to the circuit court that had jurisdiction over the domestic case.

The court held a permanency-planning hearing that concluded on March 19, 2021, and entered an order on May 7, 2021. The court set a goal of another planned permanent living arrangement for SL, who was almost eighteen, ordering DHS to develop a plan to address independent living services. The court found the appropriate goal for ShL was guardianship with a paternal aunt and ordered DHS to work toward this plan by renewing background checks to approve her home. The court ordered neither parent to have contact with the children for a period of several months in order to give the children time to establish themselves in their new homes apart from the influence of their parents. The court ordered reunification services to continue until it determined that they were no longer needed, it terminated parental rights, or it otherwise finalized a permanency plan. The parents were ordered to continue to follow the case plan and cooperate with the department.

Arkansas Supreme Court Rule 6-9 provides that the following orders may be appealed from dependency-neglect proceedings:

(A) adjudication order;

(B) disposition, review, no reunification, and permanency planning order if the court directs entry of a final judgment as to one or more of the issues or parties based upon the express determination by the court supported by factual findings that there is no just reason for delay of an appeal, in accordance with Ark. R. Civ. P. 54(b);

(C) termination of parental rights;

(D) denial of right to appointed counsel pursuant to Ark. Code Ann. § 9–27–316(h); and

(E) denial of a motion to intervene.

Ark. Sup. Ct. R. 6-9(a)(1) (2020). The order appealed from in this case is a permanency-planning order; therefore, in order for it to be appealed, the court must have complied with the requirements of Arkansas Rule of Civil Procedure 54(b). *Bushee v. Ark. Dep't of Hum. Servs.*, 2016 Ark. App. 339, at 3, 492 S.W.3d 559, 561. There is no Rule 54(b) certificate in the record. Accordingly, we lack jurisdiction.

We recognize that York argues she was "punished" by the court for attempting to protect her children and violating the court's order and that punishment of a parent is not a proper consideration in determining custody. *See, e.g., Powell v. Marshall*, 88 Ark. App. 257, 266, 197 S.W.3d 24, 29 (2004) (holding that violation of a court order is a factor to be taken into consideration, but it is not so conclusive as to require the court to act contrary to the best interest of the child). She has not specifically appealed from any orders of contempt, only a permanency-planning order, so we have no jurisdiction over these arguments. We note, however, that Lyon was also denied custody and visitation, and there was no finding

3

that he had violated any orders of the court. The court determined that the absence of contact with the parents would allow the children to establish themselves in their new placements and further their rehabilitation without the influence of either parent.

Dismissed without prejudice.

BARRETT and MURPHY, JJ., agree.

*Ryan C. Allen*, for appellant.

*Casey D. Copeland*, attorney ad litem for minor children.

4