Cite as 2026 Ark. 1
# SUPREME COURT OF ARKANSAS
No. CV-24-604

| | |
|---|---|
| | **Opinion Delivered:** January 15, 2026 |
| EUREKA GUN AND PAWN, LLC; AND KEELING GRUBB<br><br>APPELLANTS<br><br>V.<br><br>THE CITY OF EUREKA SPRINGS VIA MAYOR ROBERT D. BERRY, IN HIS OFFICIAL CAPACITY AS MAYOR OF EUREKA SPRINGS<br><br>APPELLEE | APPEAL FROM THE CARROLL COUNTY CIRCUIT COURT [NO. 08WCV-23-70]<br><br>HONORABLE CHARLES SCOTT JACKSON, JUDGE<br><br><u>APPEAL DISMISSED WITHOUT PREJUDICE</u>. |

**KAREN R. BAKER, Chief Justice**

Appellants, Eureka Gun and Pawn, LLC ("Eureka Gun"), and Keeling Grubb (collectively, "appellants"), appeal from the Carroll County Circuit Court's May 16 and May 31, 2024, orders granting the motion for directed verdict filed by appellee, the City of Eureka Springs ("City"). On appeal, appellants present five points: (1) the circuit court erred in deferring to the decision of the Eureka Springs City Council rather than conducting a de novo review of Eureka Gun's permit application; and (2) the circuit court did not view the evidence presented at trial in the light most favorable to Eureka Gun as required in considering a motion for directed verdict; (3) the circuit court erred in determining that Arkansas Code Annotated section 14-54-1411 (Supp. 2025) did not apply to the commerce of firearms; (4) the circuit court erred in determining that the City's ordinance was not void for vagueness as it was applied to Eureka Gun; and (5) the circuit court erred in denying its

constitutional claims based on the City's directed–verdict motion. We dismiss the appeal for lack of a final order.

## I. *Facts and Procedural History*

Keeling Grubb is the president and CEO of Eureka Gun. The appeal before us stems from Grubb's pursuit of a conditional–use permit ("CUP") to operate his sporting goods store, Eureka Gun, as a gun and pawn shop in Eureka Springs, Arkansas. On May 8, 2023, Grubb submitted a CUP application to the City on behalf of Eureka Gun. On May 23, the City's Planning Commission denied the application at a special meeting. Grubb subsequently appealed the Planning Commission's decision to the Eureka Springs City Council. On June 12, the City Council also denied the CUP application.

On July 11, appellants filed a complaint in the Carroll County Circuit Court raising numerous claims against the City. Count one was an appeal from the City Council's administrative decision denying Eureka Gun's CUP application pursuant to Arkansas Code Annotated section 14-56-425[1]. The remaining counts in the complaint included the following allegations against the City: count two, a violation of the Arkansas Constitution's guarantee of due process as a result of the City's prohibition of arms-proliferation businesses and pawn shops; count three, a violation of the guarantees of equal protection pursuant to article 2, section 3 of the Arkansas Constitution as a result of the City's ordinance permitting the disparate treatment of similarly situated businesses; count four, a violation of the right

_____

[1]Relevant here, section 14-56-425 provides that appeals from the final administrative or quasi–judicial municipal-planning decisions by a municipal body in accordance with Arkansas Code Annotated sections 14-56-401 et seq. shall be taken to the circuit court. Ark. Code Ann. § 14-56-425(a)(1)−(2) (Supp. 2025).

to acquire, protect, and possess property pursuant to article 2, section 2 of the Arkansas Constitution; count five, a violation of the freedom of association to the extent that the City denied Eureka Gun's CUP application in contravention of Grubb's right to form a corporation for the purpose of selling guns and pawn in Eureka Springs; count six, a violation of the right to bear arms; count seven, a violation of the unenumerated rights guaranteed by article 2, section 29 of the Arkansas Constitution as a result of the City's encroachment on Grubb's right to earn a living and the right to work a trade; and count eight, a violation of the constitutional right to freedom of speech as a result of the City's mandate that Eureka Gun remove its sign representing that it is a gun and pawn shop.[2] Further, the complaint alleged that by denying Eureka Gun's CUP application, the City had interfered with the exercise of "at least six" of Grubb's rights in violation of the Arkansas Civil Rights Act. The complaint also alleged that the City was prohibited from enacting an ordinance regulating the ownership, transfer, transportation, carrying, or possession of firearms pursuant to Arkansas Code Annotated section 14-16-504.[3]

On January 29, 2024, appellants filed a motion for partial summary judgment "solely on the issues of whether or not it was illegal [for the City] to grant Keeling Grubb and Eureka Gun and Pawn a business license but restrain him from buying, selling, and pawning

---

[2]Eureka Gun conducts business under the name "Eureka Gun and Pawn."

[3]Section 14-16-504 states in relevant part that "[e]xcept as otherwise provided in state or federal law, a local unit of government shall not enact an ordinance or regulation pertaining to, or regulate in any other manner, the ownership, transfer, transportation, carrying, or possession of . . . firearms." Ark. Code Ann. § 14-16-504(b)(1)(A)(i) (Supp. 2025). There is a nearly identical statute that is cited interchangeably in the record. *See* Ark. Code Ann. § 14-54-1411(b)(1)(A)(i).

firearms." The motion further explained that "[t]his summary judgment would only partially satisfy count 1 and the remaining 7 counts would be generally unaffected, except summary judgement for count VI, the count alleging an interference with the right to bear arms could also be assumed to be partially granted depending on this Court's order[,]" and "[t]his motion is a partial motion for summary judgment as it is only requesting partial relief to count one and is not requesting a finding of damages."

On March 12, the circuit court scheduled a bench trial "on count one of [appellants'] Complaint, which solely concerns the issue of business licensure through a conditional use permit[.]" The circuit court's order specified that "[t]he other counts [identified in the complaint] shall be resolved by another order or set for trial at a later date."

On May 16, the bench trial was held. At the outset of the trial, counsel for appellants reiterated that the scope of the bench trial was limited to a de novo review of whether Eureka Gun was entitled to a CUP pursuant to the City's ordinance. Counsel further explained that the trial would involve arguments regarding "the facts as they are applied to the ordinance" and that the parties were "not really discussing [whether] the decision made by the Planning Commission or Zoning Commission or The City was illegal or was somehow wrong[.]" At trial, the circuit court heard testimony from numerous witnesses regarding matters including the nature of Eureka Gun's business, the nature of nearby businesses, opinions of Eureka Springs community members concerning the suitability of a gun and pawn shop in the City, and the bases for votes cast for and against Eureka Gun's CUP application by members of the City's Planning Commission and the City Council. At the close of all the evidence, the City moved for a directed verdict, arguing that appellants

4

had not presented sufficient evidence to demonstrate entitlement to a CUP. After hearing arguments from both parties, the circuit court denied appellants' motion for partial summary judgment and granted the City's motion for directed verdict.

On May 31, the circuit court entered an order memorializing its rulings from the May 16 bench trial. In granting the City's motion for directed verdict, the circuit court reasoned that, having considered the evidence, testimony, and arguments presented at the bench trial, Eureka Gun was not entitled to a CUP to operate a gun and pawn shop. The circuit court further ruled that "[i]n reaching the above stated finding, the Court holds that Arkansas Code Annotated § 14-16-504(b)(1)(A) does not apply to the commercial sale of firearms. . . . In addition, the Court denies the [appellants'] Motion for Partial Summary Judgment."

On June 10, appellants filed an amended complaint that reasserted many of the same claims as the initial complaint. However, the amended complaint included a new claim under the Arkansas Civil Rights Act alleging that the City had illegally and arbitrarily denied appellants' right to buy, sell, and pawn firearms or otherwise operate a pawn shop, which amounted to an illegal taking in violation of article 2, section 22 of the Arkansas Constitution.

This appeal followed.

## II. *Points on Appeal*

As stated above, appellants present five points on appeal. However, as an initial matter, we must determine whether the orders from which appellants appeal are final or otherwise appealable.

Although neither party raises the issue, whether an order is final and subject to appeal is a jurisdictional question, which the court will raise sua sponte. *Crafton, Tull, Sparks & Assocs. v. Ruskin Heights, LLC*, 2013 Ark. 85, at 2; *see also Hotels.com, L.P. v. Pine Bluff Advert. & Promotion Comm'n*, 2021 Ark. 196, at 4, 632 S.W.3d 742, 745. Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure −Civil provides that an appeal may be taken only from a final judgment or decree entered by the circuit court with certain enumerated exceptions. Ark. R. App. P. −Civ. 2(a)(1). "For an order to be final and appealable, it must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy. In contrast, an order that contemplates further action by a party or the court is not a final, appealable order." *Ark. Dep't of Fin. & Admin. v. Naturalis Health, LLC*, 2018 Ark. 224, at 5, 549 S.W.3d 901, 905 (internal citations omitted). Under Rule 54(b), an order that fails to adjudicate all of the claims as to all of the parties, whether presented as claims, counterclaims, cross-claims, or third-party claims, is not final for purposes of appeal. *Crafton, supra*; *see also* Ark. R. Civ. P. 54(b)(1). Although the purpose of requiring a final order is to avoid piecemeal litigation, a circuit court may certify an otherwise nonfinal order for an immediate appeal by executing a certificate pursuant to Arkansas Rule of Civil Procedure 54(b). *Gray v. White River Health Sys., Inc.*, 2016 Ark. 73, at 3, 483 S.W.3d 293, 294.[4]

---

[4]Rule 54(b)(1) provides that "[w]hen more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim . . . the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination, supported by specific factual findings, that there is no just reason for delay and upon an express direction for the entry of judgment. In the event the court so finds, it shall execute [a] certificate, which shall appear immediately

Here, the orders from which appellants appeal are not final orders. To start, consistent with the scope of appellants' motion for partial summary judgment, the circuit court made clear in its March 12 scheduling order that the upcoming bench trial would address only count one of appellants' complaint with the remaining counts to be resolved at some point in the future. In keeping with this blueprint, counsel for appellants acknowledged at trial that the circuit court's review would be limited to a determination of whether Eureka Gun was entitled to a CUP pursuant to the City's ordinance. Counsel clarified that the parties would not be delving into whether the prior denials of Eureka Gun's application were somehow illegal at trial, thereby acknowledging that the intent was to hold appellants' remaining claims in abeyance. Consequently, the circuit court's May 16 and May 31 orders adjudicated fewer than all the claims in appellants' initial complaint. In their notice of appeal, appellants contend that

> [a]lthough the Court only issued a ruling as to the first count of [appellants'] complaint, [appellants] believe and assert that that denial effectively dismisses the remaining five (5) counts. The remaining five (5) counts hinge upon success of the first count. Those counts are Count 2 violation of Due Process, Count 3 Right to Acquire Property and pursue happiness through lawful occupation, Count 4 Right to Bear Arms, Count 5 Unenumerated Rights violations, and Count 6 Right to be Free from Illegal Takings. If those counts are not resolved, [appellants] have NOT abandoned them.

However, we disagree with appellants' position that the remaining counts alleged in the complaint were "effectively dismissed" as a result of the circuit court's ruling on count one. The circuit court's orders granting the City's motion for directed verdict and denying appellants' motion for partial summary judgment constituted a denial of Eureka Gun's CUP

---

after the court's signature on the judgment, and which shall set forth the factual findings upon which the determination to enter the judgment as final is based[.]"

application but left the remainder of appellants' separate claims pending. Moreover, appellants' assertion that the claim involving the right to be free from illegal takings was effectively dismissed is particularly unpersuasive, as this claim was raised for the first time in the amended complaint—which was filed after the bench trial had already occurred and after the circuit court's orders were entered. It is clear from a review of the record that the bulk of appellants' claims remain pending before the circuit court awaiting final disposition, and appellants' notice of appeal expressly states that those pending claims have not been abandoned. Finally, there was no attempt to obtain certification in compliance with Rule 54(b)(1). Therefore, without a final order or a Rule 54(b) certificate, we do not have jurisdiction to address the merits on appeal. Accordingly, we must dismiss the appeal.

Appeal dismissed without prejudice.

WOMACK, WEBB, and BRONNI, JJ., concur.


**SHAWN A. WOMACK, Justice, concurring**.  I agree with the majority that we lack a final, appealable order and that the appeal must be dismissed.  I write separately to highlight how the case went off track below and to explain why, had the matter proceeded in its proper posture, Eureka Gun should have prevailed on the merits.

I.     *Discussion*

Administrative appeals and original civil actions are materially different—from how they are perfected, to the issues properly presented, to how finality works for appellate jurisdiction and the standards of review utilized to review those decisions.  Counsel and the

circuit court failed to grapple with those distinctions. And, as the majority explains, that ended up being fatal to our jurisdiction.

As the majority recounts, Eureka Gun filed in circuit court a single pleading that operated both as a notice of appeal under Arkansas Code Annotated section 14-56-425 and as an original civil complaint asserting multiple constitutional and statutory claims.[1] Ultimately, the circuit court set a bench trial "solely" on count one—the administrative appeal of the City's conditional-use decision—leaving the remaining claims to be resolved later.[2] After trial, Eureka Gun filed an amended complaint adding yet another claim. Just days after that, it filed a notice of appeal. At no point did the circuit court dispose of all claims or certify a partial judgment under Arkansas Rule of Civil Procedure 54(b). This was fatal to our jurisdiction. However, two points about what happened in the circuit court warrant separate comment.

First, Arkansas Code Annotated section 14-56-425 requires these administrative appeals to be tried de novo.[3] When, as here, there is a bench trial, that means the court hears the evidence anew and independently decides whether the applicant is entitled to the

---

[1]Maj. Opin. at 2–3.

[2]*Id*. at 4.

[3]Section 14-56-425 provides that appeals from the final administrative or quasi-judicial municipal-planning decisions by a municipal body in accordance with Arkansas Code Annotated sections 14-56-401 et seq. shall be taken to the circuit court. Ark. Code Ann. § 14-56-425 (Supp. 2025).

conditional-use permit (CUP) under the governing ordinance.[4]  It does not review the City's decision for "abuse."  Yet at the close of the evidence, the circuit court expressly declined to "substitute its views" for those of the Planning Commission and City Council and announced that it could not find their vote to be an "absolute abuse."  That is deferential review, not de novo review.[5]

At the close of evidence, Appellee moved for a directed verdict in an apparent Rule 50 posture.  That motion was based on Appellee's clam that Appellants had not presented evidence that they were entitled to a CUP.  However, Eureka Gun presented substantial evidence—including from the City's own planning-commission members and nearby commercial owners—that its application satisfied the ordinance's factors and that the proposed use was compatible with the surrounding district.  And, other than testimony from City officials that they would not approve a CUP for *any* business to sell firearms *anywhere* in the city, there was no real evidence identifying an ordinance factor that weighed against the CUP.  In this apparent Rule 50 posture, that evidence should have been taken in the light most favorable to Eureka Gun.[6]  On this record, a reasonable fact-finder certainly could

---

[4]*See, e.g., Combs v. City of Springdale*, 366 Ark. 31, 33, 233 S.W.3d 130, 132 (2006) (citing the rule that these administrative appeals are "tried de novo according to the same procedure which applies to appeals in civil actions from decisions of inferior courts").

[5]The circuit court said at the May 16 trial, "This Court cannot find that the vote of the Planning and Zoning and the City Council was an absolute abuse, and the Court is going to decline to substitute its views or decision for what has already been decided."

[6]Section 14-56-425 provides that appeals from the final administrative or quasi-judicial municipal-planning decisions by a municipal body in accordance with Arkansas Code Annotated sections 14-56-401 et seq. shall be taken to the circuit court.  The statute also incorporates the procedures for administrative appeals under the District Court Rules and provides that the decision "shall be tried de novo with the right to a trial by jury."  In

have found that Appellants were entitled to a CUP; indeed, the proof strongly pointed that way. The directed verdict was possible only because the circuit court erroneously gave deference to the City's prior decision, which section 14-56-425 does not contemplate.

Second, the circuit court's error is further underscored by its ruling on a perceived statutory issue even though the parties framed the bench trial as purely a de novo zoning appeal. It held that Arkansas Code Annotated section 14-16-504(b)(1)(A)—and the nearly identical section 14-54-1411[7]—"does not apply to the commercial sale of firearms" because reading "transfer" to include commercial sales would produce an "absurd result."[8] Even assuming that issue was properly before the circuit court, that reading is inconsistent with

---

other words, the statute gives an aggrieved applicant a de novo judicial determination of the same land-use dispute that was before the municipal body; it does not create a free-standing vehicle to litigate new causes of action. Ark. Code Ann. § 14-56-425 (Supp. 2025).

[7]Section 14-16-504 states in relevant part that "[e]xcept as otherwise provided in state or federal law, a local unit of government shall not enact an ordinance or regulation pertaining to, or regulate in any other manner, the ownership, transfer, transportation, carrying, or possession of . . . firearms." Ark. Code Ann. § 14-16-504(b)(1)(A)(i) (Supp. 2025). There is a nearly identical statute that is cited interchangeably in the record. *See* Ark. Code Ann. § 14-54-1411(b)(1)(A)(i) (Supp. 2025).

[8]The circuit court said at the May 16 trial, "I'm going to address some things, and then at that – there's been argument that 14-54-1411 applies that a municipality can't restrict the transfer -- let me find -- the ownership, transfer, transportation, carrying, possession of firearms or ammunition, the Court has not been asked to address that yet, at least, in this hearing, but the Court's going to find that this statute does not affect the commerce of firearms; it cannot. Otherwise, the city could not prohibit an arms dealer from setting up in a residential area. There would be no restriction; it would be a carved-out exception for only guns, and that is an absurd result. I – I just -- it does not -- is not applicable in this case."

basic principles of statutory interpretation. Indeed, the circuit court's perceived "absurdity" disappears once the zoning authority and firearms preemption statutes are read in harmony.[9]

"Transfer" is not a technical term, and nothing in section 14-54-1411 suggests a specialized or more narrow definition. It naturally includes the conveyance of property from one person to another, whether by gift, sale, consignment, or otherwise.[10] Thus, a commercial sale of a firearm is a transfer of a firearm. Arkansas Code Annotated section 14-54-1411 forbids local regulation of such transfers unless state or federal law provides otherwise. If the General Assembly intended to exclude commercial firearms transactions from the statute's scope, or to protect only noncommercial transfers, it knew how to say so. It did not. The plain text therefore encompasses all transfers of firearms, including those occurring through licensed dealers. Yet that preemption can coexist with municipal zoning authority

Section 14-56-416 empowers municipalities to regulate *where* particular land uses— such as gun stores—may be located. Section 14-54-1411 regulates *what* conditions a city may impose on the ownership, possession, or transfer of firearms. Harmonizing the statutes gives full effect to each: a city may designate commercial districts for firearms commerce but

---

[9]Antonin Scalia & Bryan Garner, *Reading Law: The Interpretation of Legal Texts: Harmonious Reading Canon*, 180 (2012) (the harmonious-reading canon requires that the provisions of texts should be interpreted in a way that renders them compatible, not contradictory).

[10]*Conveyance*, Wex, Cornell Law School Legal Information Institute, https://www.law.cornell.edu/wex/conveyance (last visited Dec. 4, 2025) (archived at https://perma.cc/L9SA-YWL8).

may not impose substantive burdens or prohibitions that regulate the transfer itself. The City's actions here illustrate the point.

Although Eureka Gun satisfied all ordinance factors and occupied the *only* zone where firearms commerce was allowed, council members testified that they would not approve a gun or pawn shop anywhere in the city. A zoning regime that functionally eliminates all firearm transfers is, in substance, a municipal regulation of those transfers and thus forbidden absent state authorization. The circuit court blurred the line between zoning and regulation, invoking hypothetical "absurdities" that vanish once the statutes are read harmoniously. Nothing in section 14-54-1411 strips municipalities of zoning power; it simply bars them from regulating firearm transfers themselves.

The circuit court's interpretation, which relied on the absurdity doctrine to narrow an unambiguous statute, effectively rewrote section 14-54-1411. Properly interpreted, the statute applies to commercial firearms transactions no less than to noncommercial transfers, and it operates alongside—not in opposition to—municipal zoning authority. Because the City may decide where firearms commerce may occur but may not decide whether it may occur, the court's contrary reasoning was legally incorrect.

For these reasons, I respectfully concur.

WEBB, J., joins.

**NICHOLAS J. BRONNI, Justice, concurring.** I join Justice Womack's concurrence. But I write separately to emphasize that—applying that analysis—on remand, there is nothing for the circuit court to do but grant Eureka Gun and Pawn and Keeling Grubb's application for a conditional use permit. As Justice Womack correctly explains,

13

Eureka Gun and Grubb met their burden of showing they are entitled to a conditional use permit and that Eureka Springs' decision to the contrary violated Arkansas law. So on remand, the circuit court should immediately enter a final order granting Eureka Gun's application.

*W. Whitfield Hyman*; and *Bradley Hull*, for appellant.

*Sara Monaghan*, for appellee.